ARMSTRONG BROS. TOOL CO.; Bergman Tool Manufacturing Co., Inc.; Duro Metal Products Company; Milwaukee Tool & Equipment Co., Inc.; H. K. Porter, Inc.; Proto Tools Division, Ingersoll Rand Company; Tool Group, Dresser Industries, Inc.; and The Wright Tool & Forge Company, Appellants,

v.

The UNITED STATES, Appellee, Daido Corporation, Steelcraft Tools Division, Party-In-Interest Appellee.

Appeal No. 80–20.

United States Court of Customs and Patent Appeals.

Aug. 7, 1980.

Frederick L. Ikenson, Washington, D.C., for appellants.

Alice Daniel, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Joseph I. Liebman, Atty. in Charge, New York City, Field Office for Customs Litigation, Sidney N. Weiss, New York City, Commercial Litigation Branch.

H. William Tanaka, Lawrence R. Walders, Washington, D.C., Wesley K. Caine, New York City, for party-in-interest, appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Associate Judges, and RE, Judge.*

\* The Honorable Edward D. Re, Chief Judge, United States Customs Court, sitting by designation.

1. 19 U.S.C. § 160(a) provides as follows:

(a) Whenever the Secretary of the Treasury (hereinafter called the "Secretary") determines that a class or kind of foreign merchandise is being, or is likely to be, sold in the United States or elsewhere at less than its fair value, he shall so advise the United States Tariff Commission, and the said Commission shall determine within three months thereafter whether an industry in the United States is being or is likely to be injured, or is prevented from being established, by reason of the importation of such merchandise into the United States. . . .

MILLER, Judge.

This is an appeal from a judgment of the United States Customs Court, 483 F.Supp. 312, 84 Cust.Ct. ——, C.D. 4838 (1980), upholding the determination of the United States International Trade Commission (ITC) that a domestic industry was not being injured or likely to be injured or prevented from being established by reason of the importation of tools (wrenches, pliers, screwdrivers, and metal-cutting snips and shears) from Japan that were being, or likely to be, sold at less than fair value within the meaning of section 201(a) of the Antidumping Act of 1921, as amended (19 U.S.C. § 160(a)).[1] We affirm.

The background and relevant facts are thoroughly presented in the opinion of the Customs Court and need not be repeated.

In appeals from the Customs Court involving determinations of injury or likelihood of injury in antidumping and countervailing duty cases considered by the Tariff Commission (now the ITC), this court has conducted its review upon the record made before the Commission[2] and has held that such review is limited to determining "whether the Commission has acted within its delegated authority, has correctly interpreted [pertinent] statutory language, and has correctly applied the law." *City Lumber Co. v. United States*, 59 CCPA 89, 92, C.A.D. 1045, 457 F.2d 991, 994 (1972). As to the evidentiary record, the standard of this review has been stated to be whether the Commission's determination is supported by

The United States Tariff Commission was subsequently renamed the United States International Trade Commission by section 171(a) of the Trade Act of 1974 (19 U.S.C. § 2231(a) (1976)).

2. *De novo* review by the Customs Court in a countervailing duty case was approved by this court, where the administrative record before the Treasury Department was clearly deficient, in *ASG Industries, Inc. v. United States*, 67 CCPA ——, 610 F.2d 770, C.A.D. 1237 (1980). In such a case, this court's review would be on the record developed before the Customs Court. The Trade Agreements Act of 1979 (P.L. 96–39, 93 Stat. 144, 302 (1979)) requires an adequate record, and this court may now apply the normal standards of review of trial court judgments.

substantial evidence.[3] *City Lumber Co., supra* at 95, 457 F.2d at 996. In *Imbert Imports, Inc. v. United States,* 60 CCPA 123, 127, C.A.D. 1094, 475 F.2d 1189, 1192 (1973), the point was made that even if the Administrative Procedure Act applied (not decided), the Commission's determination was not arbitrary or an abuse of discretion. However, there appears to be no real difference between such standards. *See Imbert Imports, Inc., id.,* where this court said:

> In short, we find that the findings of the Commission are supported by substantial evidence, and that the factors pointed out in the Chairmans [sic] dissent are not of sufficient moment to establish that the decision of the majority was arbitrary.

In view of the foregoing, we conclude that the issue before this court in this case is properly stated to be whether the Customs Court correctly held that the Commission's determination is supported by substantial evidence in the record. This accords with the standard established by Congress in the Trade Agreements Act of 1979, which added a new section 516A to the Tariff Act of 1930, (P.L. 96–39, 93 Stat. 144, 302 (1979)). *See also ASG Industries, Inc., supra.*

 Our review of appellants' arguments and portions of the record relating thereto persuades us that the Customs Court's holding is correct.

In affirming the judgment of the Customs Court, we adopt the court's opinion as our own, with the single modification that we would state the sole standard of review of factual determinations of injury or likelihood of injury in antidumping cases to be whether the Commission's determination is supported by substantial evidence.

*AFFIRMED.*

---

**3.** In *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 619–20, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966), the Supreme Court said:
> We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 229, [59 S.Ct. 206, 216, 83 L.Ed. 126]. . . . This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.