**PASCO TERMINALS, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Appeal No. 80–5.**

United States Court of Customs and Patent Appeals.

Dec. 11, 1980.

J. Alan Galbraith, Washington, D.C., atty. of record, for Pasco Terminals, Inc., appellant.

Alice Daniel, Asst. Atty. Gen., David M. Cohen, Director Commercial Litigation Branch, Velta A. Melnbrencis, Asst., Branch Director, argued, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

BALDWIN, Judge.

This is an appeal from a judgment of the United States Customs Court, 83 Cust.Ct. ——, C.D. 4823, 477 F.Supp. 201 (1979), granting the United States' motion for summary judgment; denying the cross–motion for summary judgment of Pasco Terminals, Inc. (Pasco); and dismissing Pasco's action to recover dumping duties that were assessed on four entries of elemental sulfur exported from Mexico. We affirm.

Before the Customs Court (now the United States Court of International Trade) Pasco did not challenge the less than fair value (LTFV) determination of the Secretary of the Treasury nor the Customs Service's computation of dumping duties. Rather, Pasco claimed invalidity of the 1972 determination of the United States Tariff Commission [1] (Commission) that a domestic industry was being injured by reason of the importation of elemental sulfur from Mexico which was being, or was likely to be, sold at less than fair value within the meaning of section 201(a) of the Antidumping Act of 1921, as amended (19 U.S.C. § 160(a)). Pasco based its claim on the following contentions:

(1) The Commission proceeding was procedurally defective in that (a) the Commission failed to abide by its own Rules of Practice and Procedure by deciding to receive an exhibit on a confidential basis; and (b) the Commission violated due process rights when in the course of its investigation and fact–finding hearing it refused to permit inspection of a confidential exhibit for cross–examination purposes and re-

---

1. The United States Tariff Commission was subsequently renamed the United States International Trade Commission by section 171(a) of the Trade Act of 1974 (19 U.S.C. § 2231(a) (1975)).

stricted cross–examination of a witness; and

(2) The Commission determination of injury was arbitrary, capricious, an abuse of discretion, and not according to law.

The issue before us is whether or not the Customs Court was correct in rejecting Pasco's contentions and in upholding the Commission's injury determination.

Additional background and relevant facts are thoroughly presented in the Customs Court opinion and need not be repeated here.[2]

## OPINION

The Customs Court held that (1) the Commission's decision to receive Exhibit 2 on a confidential basis was in full compliance with its own Rules of Practice and Procedure; (2) no due process violation occurred in the course of the Commission's investigation and fact–finding hearing from its refusal to permit inspection of a confidential exhibit for purposes of cross–examination and its restriction of cross–examination of a witness; and (3) the Commission's injury determination was not arbitrary, capricious, or an abuse of discretion, nor was it contrary to law. After considering the arguments of the parties and after reviewing the record before us, we are persuaded that the Customs Court's holding is correct.

Accordingly, we *affirm* the judgment of the Customs Court, and adopt the court's opinion as our own.

*AFFIRMED.*

**2.** The facts are drawn from a limited record. The portions of the Commission's record brought before the Customs Court consisted only of a certified copy of the transcript of the public hearing and exhibits introduced before the Commission during that hearing and a copy of the Commission's Determination of Injury including the two Statements of Reasons for the Affirmative Determination. Neither party in this case sought discovery of the entire investigative record before the Commission which included, in addition to the evidence adduced at the public hearing, written submissions from interested parties and factual information obtained by the Commission's staff

MILLER, Judge, concurring.

Although I agree with the majority opinion, appellant's due process arguments merit discussion.

The circumstances are as follows. Pasco was the only foreign producer heard from at a public hearing[1] during which certain "trade secrets" were introduced into evidence by Freeport (confidential exhibit 2). Exhibit 2 is a compilation of statements of shrewd, vigorously competitive, large–scale sulfur purchasers.[2] Pasco requested access to the exhibit and an opportunity for cross–examination of persons who compiled it. The Commission refused. Indeed, Pasco was not granted access until after the Commission's decision was rendered. "[T]he Commission, in its injury determination, relied on Freeport's examples [in exhibit 2] of offers assertedly made by [Pasco] to customers of Freeport at prices below the then prevailing market price."[3] This determination resulted in assessment against Pasco of a special dumping duty of $2.16 per long ton under 19 U.S.C. § 161.

Pasco asserts that some of the statements in the exhibit are false; that offers relied on by the Commission as allegedly originating with Pasco were in fact false representations by purchasers to Freeport, made in an effort to "lure" Freeport into lowering its price; that if it had been given access to the exhibit or had been permitted cross–examination, the truthfulness of the statements (labelled "hearsay" by Pasco) could have been proved false.

Pasco argues that its due process rights were violated by the Commission on two

from questionnaires, personal interviews, and other sources. Rather, both parties agreed that the Customs Court should decide the case on the limited record before it.

**1.** *Pasco Terminals, Inc. v. United States,* —— Cust.Ct. ——, ——, C.D. 4823, 477 F.Supp. 201, 219 n. 16 (1979).

**2.** *See Pasco Terminals, Inc. v. United States, supra* at ——, 477 F.Supp. at 205.

**3.** *Pasco Terminals, Inc. v. United States, supra* at ——, 477 F.Supp. at 209–10.

grounds. First, that the Commission had a long–established procedure permitting cross–examination on matters introduced at public hearings and that by its departure from this procedure Pasco's due process rights were violated. However, Pasco has failed to establish the existence of such long–established procedure. Both *Norwegian Nitrogen Co. v. United States*,[4] cited by Pasco, and the Commission's rules[5] indicate that cross–examination is not a matter of right.

The second ground advanced by Pasco is that the Commission proceedings were adversary in nature and that, therefore, Pasco was entitled to have access to the confidential exhibit and to conduct cross–examination of adverse parties. It is clear that what the Customs Court (now the United States Court of International Trade) labeled "a nonadjudicative fact–finding investigation" was not for the purpose of rulemaking by the Commission or for legislative action, but, rather, was for the purpose of establishing injury to United States industry resulting in imposition of a special dumping duty. Once such injury is established, it must be upheld if supported by substantial evidence. *Armstrong Bros. Tool Co. v. United States*, —— CCPA ——, C.A.D. 1252, 626 F.2d 168 (1980); *Imbert Imports, Inc. v. United States*, 60 CCPA 123, C.A.D. 1094, 475 F.2d 1189 (1973). Accordingly, there is some merit to Pasco's contention–at least on the "access" point.[6] However, I am satisfied that, apart from confidential exhibit 2, the Commission's determination is supported by substantial evidence and that, therefore, any error in the denial of access to that exhibit was harmless.

It should be pointed out that Congress has recently taken action, effective January 1, 1980, to assure "limited" access to confidential information before the Commission. 19 U.S.C. § 1677f (Pub.L. No. 96–39 (1979)).[7]

---

**4.** 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933). In *Norwegian Nitrogen*, as in this case, the Commission did not permit cross–examination of matters which had been presented to the Commission in confidence. *Id.* at 299, 53 S.Ct. at 352.

**5.** 19 CFR 201.12. Conduct of nonadjudicative hearings provides:

    (c) *Questioning of witnesses.* After completing testimony, a witness may be questioned by any member of the Commission or by its staff. Any person who has entered an appearance in accordance with § 201.13 *may, with the permission of the presiding officials,* direct questions to the witness, *but only for the purpose of assisting the Commission* in obtaining relevant and material facts with respect to the subject matter of the investigation. [Emphasis supplied].

**6.** *See Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, No. 74–2451, 3247, slip op. at 48 (E.D.Pa. Sept. 19, 1980) (injury to U.S. industry determination by the Commission in an antidumping proceeding under 19 U.S.C. § 160 was not trustworthy in an evidentiary sense and not admissible under Fed.R.Evid. 803(8) in part because the Commission considered confidential submissions which were not disclosed to, or subject to cross–examination by, importers). With respect to the cross–examination point, Pasco's position is weak, absent evidence that the special dumping duty assessed is, in substance, a penalty. *See Helwig v. United States*, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614 (1903); *C. J. Tower & Sons v. United States*, 21 CCPA

417, T.D. 46943, 71 F.2d 438 (1934); *cf. Hammond Lead Products, Inc.*, 58 CCPA 129, C.A.D. 1017, 440 F.2d 1024, *cert. denied*, 404 U.S. 1005, 92 S.Ct. 565, 30 L.Ed.2d 558 (1971).

**7.** 1677f. Access to information

    .    .    .    .    .

    (c) Limited disclosure of certain confidential information under protective order.–

    (1) Disclosure by administering authority or Commission.–

    (A) In general.–Upon receipt of an application, which describes with particularity the information requested and sets forth the reasons for the request, the administering authority and the Commission may make confidential information submitted by any other party to the investigation available under a protective order described in subparagraph (B).

    (B) Protective order.–The protective order under which information is made available shall contain such requirements as the administering authority or the Commission may determine by regulation to be appropriate. The administering authority and the Commission shall provide by regulation for such sanctions as the administering authority and the Commission determine to be appropriate, including disbarment from practice before the agency.

    (2) Disclosure under court order.–If the administering authority denies a request for information under paragraph (1), or the Commission denies a request for confidential in-

The reasons for the legislation are set forth in S.Rep. No. 96–249, 96th Cong., 1st Sess. 2, (*reprinted in* [1979] U.S.Code Cong. & Admin.News, pp. 381, 486):

> *Reasons for the provision.*–Section 777 provides the maximum availability of information to interested parties consistent with the need to provide adequate protection for information accorded confidential treatment. Petitioners under the antidumping and countervailing duty laws have long contended that their ability to obtain relief has been impaired by its [*sic*] lack of access to the information presented by the exporters and foreign manufacturers. By the same token, importers, exporters, and other respondents in such cases have complained of lack of access to information supplied by the domestic parties to such cases, particularly with respect to the economic health of the domestic industry involved. Access to in-

formation at the administrative level is even more imperative under the bill, which provides that the standard of judicial review of most administrative actions in countervailing duty and antidumping duty proceedings is one of review on the administrative record.

. . . . .

At the same time, the Commission has declared that a hearing conducted in an antidumping or countervailing duty investigation is not governed by the Administrative Procedure Act and that it will not change its practice of limiting the questioning of witnesses to the purpose of assisting the Commission to obtain relevant and material facts. 44 Fed.Reg. 76459.

---

formation submitted by the petitioner or an interested party in support of the petitioner concerning the domestic price or cost of production of the like product, then application may be made to the United States Customs

Court [now the United States Court of International Trade] for an order directing the administering authority or the commission to make the information available. . . .