CONNORS STEEL COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

*Memorandum Opinion*

Court No. 80-3-00478

*deKieffer, Berg & Creskoff* (*Donald E. deKieffer* and *Eric I. Garfinkel*) for the plaintiff.

*Alice Daniel,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Velta A. Melnbrencis,* trial attorney), for the defendant.

*Graubard, Moskovitz, McGoldrick, Dannett & Horowitz* (*Michael H. Greenberg* and *Charles L. Rosenzweig* of counsel) as amicus curiae.

(Dated January 12, 1981)

WATSON, Judge: The court ordered the parties to file memorandums addressed to the question of the proper scope of review of an action under 19 U.S.C. §1516(d) (1976).[1]

This action is governed by the law in effect prior to the Trade Agreements Act of 1979, which now, at 19 U.S.C. § 1516a(b)(1)(B), provides that the standard of review in actions of this type is to be whether the determination is supported by substantial evidence.

In this case the action was brought to challenge a determination by the Secretary of the Treasury that certain steel I-beams from Belgium were not being sold here at less than their fair value (44 F.R. 54579). That determination ended the investigation of the petition by which plaintiff Connors, a domestic manufacturer of steel, had sought to have antidumping duties assessed against the product of S. A. Cockerill, which was being imported by the Cockerill-Stinnes Steel Corp.

The two Cockerill firms have filed an amicus curiae brief on the question under examination.

Plaintiff argues for a de novo trial of the issue of sales at less than fair value. Defendant United States and amicus argue for a review based solely on the administrative record to judge whether substantial evidence existed for the administrative determination.

---

[1] Text of 19 U.S.C. § 1516(d): Contest of Secretary's determination that foreign merchandise is not being sold in United States at less than fair value or that bounty or grant is not being paid. Within 30 days after a

Plaintiff stresses the decision in *Michelin Tire Corporation* v. *United States*, 82 Cust. Ct. 308, C.R.D. 79–6, 469 F. Supp. 270 (1979) in which the court held that a trial de novo was proper in an action challenging the imposition of countervailing duties. In that far-ranging decision, the court also attempted to demonstrate that in similar actions regarding antidumping duties, certain antiquated restrictions on judicial review ought not to be perpetuated.

However, the *Michelin* opinion rested on the very important premise that the actions under discussion were actions *to recover payments of duty*. The court took care to distinguish that type of legal action, which had important common law antecedents and implications, from those actions which, like this one, are directed to a single administrative determination and are purely the creation of statute.[2]

Moreover, in the absence of explicit statutory guidelines, it is reasonable to posit a more complete form of judicial review for an action arising from the right to be free of illegal taxation than for an action arising from a right to have the health of one's industry protected by the assessment of duty on others.

It is therefore appropriate that for the period in which the statutes gave no specific scope or standard of review; for those actions in which the recovery of duty was not the object and in which an adequate administrative record existed, judicial review should normally be limited to the administrative record.

The court finds additional support for this view in the result of *Armstrong Bros. Tool Co.* v. *United States*, 67 CCPA 94, C.A.D. 1252, 626 F. 2d 168 (1980) and sees no meaningful difference between an action directed at a "no-injury" finding by the International Trade Commission and the finding at issue here.

The proper standard of review is whether the determination in question was supported by substantial evidence and in accordance with the law. This is the most complete examination that can be made

determination by the Secretary—(1) under section 201 of the Antidumping Act, 1921 (19 U.S.C. 160) [19 USCS § 160], that a class or kind of foreign merchandise is not being, nor likely to be, sold in the United States at less than its fair value, or (2) under section 303 of this Act [19 USCS § 1303] that a bounty or grant is not being bestowed, an American manufacturer, producer, or wholesaler of merchandise of the same class or kind as that described in such determination may file with the Secretary, a written notice of a desire to contest such determination. Upon receipt of such notice, the Secretary shall cause publication to be made thereof and of such manufacturer's, producer's, or wholesaler's desire to contest the determination. Within 30 days after such publication, such manufacturer producer, or wholesaler may commence an action in the U.S. Customs Court contesting such determination.

2 * * * [W]hen a party contests an *assessment of duty* and raises the above issues [existence of injury, or sales at less than fair value] in the Customs Court, it does so, *not by virtue of a right to judicial review of any particular underlying administrative proceeding*, but as the consequence of the *right to bring an independent civil action for the recovery of duty.*

The party therefore has a right to have all the issues in that action tried on the record made before the court. *Michelin Tire Corporation* v. *United States*, 82 Cust. Ct. at 333. [Italic supplied.]

without replacing the administrative agency as the arbiter of the evidence.

The court's approval of review on the administrative record does not imply the recognition of any discretion on the part of the administrative agency in the sense of discretion as the exercise of subjective standards or hermetic reasoning. This is mentioned because a tendency is noticed to blur the distinction between true discretion (which is unusual and for which the standard of substantial evidence would be inappropriate) and the normal range of authority which an agency has in administering a law. The latter is not properly termed discretion or, at least, is not the discretion which inhibits judicial review.

For the reasons expressed above, it is decided that in an action brought under 19 U.S.C. § 1516(d) (1976) to contest a determination by the Secretary of the Treasury that a class or kind of merchandise is not being sold here at less than its fair value, the court shall review the matter on the administrative record and judge whether the determination was unsupported by substantial evidence or otherwise not in accordance with the law.