**UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, United Electrical, Radio and Machine Workers of America, Local 610, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 86–11–01409.**

United States Court of International Trade.

Aug. 13, 1987.

United Elec., Radio and Mach. Workers of America, (Robin Alexander, on the motion), Neighborhood Legal Services Ass'n, (John Stember, on the motion), and Nat. Employment Law Project, (Elizabeth Athos, on the motion) for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Sheila N. Ziff, Washington, D.C., on the motion) for defendant.

## MEMORANDUM OPINION

CARMAN, Judge:

Plaintiffs commenced this action to challenge the determination by the Secretary of Labor (Labor) denying certification of eligibility to apply for adjustment assistance. Plaintiffs seek an order requiring Labor to withdraw its redetermination of May 29, 1987 and allow plaintiffs' counsel access to the confidential business information contained in the supplemental administrative record while the matter is on remand before Labor.

Defendant contends plaintiffs are not entitled to access to the confidential business information on remand because the nature of the agency's investigation is factfinding, and the agency's own regulations prohibit disclosure of confidential information. The appropriate remedy according to the defendant is that the matter should be submitted upon briefs for review pursuant to 19 U.S.C. § 2395 after plaintiffs have obtained access to the confidential documents under an appropriate protective order.

In opposition, plaintiffs contend that Labor is to conduct an adjudication on the record after a hearing thus mandating application of the procedural safeguards of 5 U.S.C. §§ 554, 556, 557.

## BACKGROUND

Adjustment assistance for workers and firms displaced by changes in trade policy was originally provided in the Trade Expansion Act of 1962. The assistance was believed necessary to prevent or eliminate the adverse effects on employment due to increases in imports of a given type of product. 1974 U.S.Code Cong. & Admin. News 7273. Because the provisions of this Act had not been very effective in attaining its objectives, Congress enacted the Trade Act of 1974 (1974 Act), 88 Stat. 2019 (codified as amended at 19 U.S.C. §§ 2271–2394 (1980 & Supp.1987)). This Act was intended to provide, in an expeditious manner, maximum benefits to workers, firms, and communities effected by increased imports. The assistance was made available with "eased qualifying criteria and a streamlined petitioning process." S.Rep. 93–1298, 93d Cong., 2d Sess. 131 (1974), U.S.Code Cong. & Admin.News 1974, pp. 7186, 7273.[1]

With respect to benefits for workers, the 1974 Act provides for the filing of a petition with Labor for certification of eligibility to apply for adjustment assistance. The petition may be filed by a group of workers, by their certified or recognized union, or by their duly authorized representative. Upon receipt of the petition, Labor must promptly publish notice in the Federal Register that the petition has been received and an investigation has been initiated. 19 U.S.C. § 2271(a).

The investigation is initiated by the Office of Trade Adjustment Assistance (OTAA). The director is empowered to "initiate, or order to be initiated, such investigation as he determines to be necessary and appropriate." 29 C.F.R. § 90.12 (1986).

The 1974 Act also provides for a public hearing if a request is made by a person found to have a substantial interest in the proceedings within 10 days of the publication of notice in the Federal Register. At the hearing, the interested persons are entitled to be present, to produce evidence, and to be heard. 19 U.S.C. § 2271(b). Eligibility to apply for adjustment assistance is determined in accordance with 19 U.S.C. § 2272 which provides in pertinent part as follows:

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

For purposes of paragraph (3), the term "contributed importantly" means a cause which is important but not necessarily more important than any other cause. 19 U.S.C. § 2272.

Similarly, Labor's regulations provide for a public hearing when an appropriate request is duly made. There are additional provisions governing the order of testimony of witnesses at the hearing, the admission of evidence, the opportunity for oral argument, and the submission of briefs. *See* 29 C.F.R. § 90.13.

It is also provided by 19 U.S.C. § 2395(a) that a worker, group of workers, certified or recognized union, or authorized representative aggrieved by a final determination may, within 60 days after notice of such determination, commence a civil action in this Court. Upon review, this Court is bound to uphold the findings of fact by Labor if supported by substantial evidence. 19 U.S.C. § 2395(b).

---

**1.** Parts 2, 3, and 4 of Subchapter II of the 1974 Act were made effective until September 30, 1980. Part 2 which deals with adjustment assistance for workers has been subsequently amended to extend until September 30, 1991. *See* Trade Adjustment Assistance Reform and Extension Act of 1986, Pub.L. No. 99–272, 100 Stat. 304, § 13007(b) (1986).

## FACTS

On January 23, 1986, the United Electrical, Radio and Machine Workers of America, Local 610 (petitioners) filed a petition with Labor for certification of certain workers and former workers at the Union Switch & Signal Division of American Standard, Inc. (Company). Notice that a petition had been received was published in the Federal Register on February 11, 1986. The notice provided that interested parties could request a hearing. No hearing was held or requested.

On August 4, 1986, Labor issued a determination denying certification. 51 Fed. Reg. 30446 (Aug. 26, 1986). Petitioners' request for reconsideration was subsequently denied. 51 Fed.Reg. 34272 (Sept. 26, 1986).

Pursuant to § 2395(a), plaintiffs commenced this action to challenge the final determination of Labor. This Court then approved a stipulation by the parties providing for release of the confidential information contained in the administrative record filed with the Court.

After pleadings were filed, defendant learned that Labor had inadvertently failed to investigate certain of the claims set forth in the administrative petition. Defendant filed a motion for remand in order to provide plaintiffs an opportunity to be present, produce evidence, and be heard at a public hearing as provided by 19 U.S.C. § 2271(b). In granting the motion, the Court ordered that the case be remanded for further investigation; that a public hearing be held; that Labor maintain any confidential materials provided by the petitioners in the confidential portion of the administrative record; that Labor report back the results of its investigation and determination within 45 days; and that briefs be filed thereafter.

Pursuant to the order of remand, a public hearing was held on April 16, 1987. Thirteen witnesses provided by the petitioners testified and submitted documentary evidence in support of their claims. The OTAA then wrote to the Company and requested specific responses to seven questions involving evidence raised by the petitioners at the public hearing. Labor obtained additional material by subpoena from the Company. From the record and papers filed in this case, it appears that information provided by petitioners upon remand resulted in the certification of three sections of the plant (60 out of approximately 500 workers).

It is interesting to note that in the initial investigation, the Company represented that it imported no foreign products. Record at 69. At the public hearing upon remand, however, petitioners offered evidence that not only was the Company importing a large portion of components formerly manufactured at the domestic plant, but also that the Company was attempting to conceal this fact. Supplemental Record, item 28.

In order to prepare a brief and additional affidavits in response to the Company's answers, petitioners' counsel sought to obtain copies of the confidential material from Labor. While there is some dispute as to what transpired next, it is clear that Labor refused and continues to refuse plaintiffs access to the confidential materials. Labor also refused to agree to a protective order contending that plaintiffs were not entitled to the confidential materials on the administrative level.

On June 1, 1987, plaintiffs filed an application for an order to show cause seeking access to the confidential and public portions of the agency record and an order requiring Labor to withhold its redetermination pending full consideration of plaintiffs' briefs. The Court issued the order to show cause and ordered that Labor refrain from issuing or making public its decision until such time as the Court had an opportunity to rule on the substantive issues raised by the plaintiffs' application. At the time the order was issued, the redetermination had been issued but had not yet been published in the Federal Register. In accordance with the order, Labor has not published the redetermination.

## DISCUSSION

Defendant contends that Labor's refusal to disclose the confidential information in

accordance with its regulations did not violate procedural due process since the investigation conducted by Labor is strictly one of a factfinding, non-adversarial nature. According to the defendant, this Court has no authority upon remand to supersede valid regulations of the agency and direct Labor to disclose confidential information to the plaintiffs.

In opposition, plaintiffs contend that the 1974 Act requires an adjudicatory hearing which satisfies the requirements of 5 U.S.C. §§ 554, 556, 557. More specifically, plaintiffs allege that special procedural safeguards apply in every case in which an adjudication is required by statute to be determined on the record after an opportunity for an agency hearing. Plaintiffs also strenuously maintain that they are entitled to receive and respond to all relevant evidence as a matter of constitutional due process.

Defendant contends that the facts of this case fit squarely within the holding of this Court in *Pasco Terminals, Inc. v. United States*, 83 Cust.Ct. 65, C.D. 4823, 477 F.Supp. 201 (1979), *aff'd*, 68 C.C.P.A. 8, C.A.D. 1256, 634 F.2d 610 (1980). *Pasco* involved a challenge to recover antidumping duties assessed on entries of crude or elemental sulphur from Mexico. Plaintiff, Pasco Terminals, Inc. contended that the Tariff Commission violated the due process rights of its parent, Azufrera Panamericana, S.A. in conducting the hearing by refusing the latter an opportunity to inspect a confidential exhibit for the purposes of cross-examination and otherwise restricting cross-examination. In holding that a trial-type hearing or an opportunity to confront and cross-examine witnesses was not required by due process, the *Pasco* Court asserted:

> The short of the matter is that due process does not necessarily require a trial-type hearing or an opportunity to confront and cross-examine witnesses. The fact is that the differences in the origin and function of administrative agencies preclude wholesale transplantation of the rules of procedure, trial, and review which have evolved from the history and experience of courts. E.g.,

*Mathews v. Eldridge*, 424 U.S. 319, 348 [96 S.Ct. 893, 909, 47 L.Ed.2d 18] (1976); *Hannah v. Larche, supra*, 363 U.S. [420] at 443–444 [80 S.Ct. 1502, 1515–1516, 4 L.Ed.2d 1307 (1960)]; *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 [60 S.Ct. 437, 441, 84 L.Ed. 656] (1940). Therefore, as previously indicated, when administrative agencies conduct nonadjudicative factfinding investigations, rights such as cross-examination generally do not obtain. *Hannah v. Larche, supra*, 363 U.S. at 445–446 [80 S.Ct. at 1516–1517]. Indeed, "[a]bsent constitutional constraints or extremely compelling circumstances the administrative agencies 'should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.'" *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 543 [98 S.Ct. 1197, 1211, 55 L.Ed.2d 460] (1978).

83 Cust.Ct. at 78–79, 477 F.Supp. at 213.

On appeal, the Court of Customs and Patent Appeals affirmed the judgment in *Pasco* holding:

> The Customs Court held that: (1) The Commission's decision to receive exhibit 2 on a confidential basis was in full compliance with its own rules of practice and procedure; (2) no due process violation occurred in the course of the Commission's investigation and fact-finding hearing from its refusal to permit inspection of a confidential exhibit for purposes of cross-examination and its restriction of cross-examination of a witness; and (3) the Commission's injury determination was not arbitrary, capricious, or an abuse of discretion, nor was it contrary to law. After considering the arguments of the parties and after reviewing the record before us, we are persuaded that the Customs Court's holding is correct.

68 C.C.P.A. at 10, 634 F.2d at 612.

Although it is true that this Court is bound by the rulings of its circuit court on questions of law, *see Zenith Radio Corp. v. United States*, 9 CIT 110, 115, 606 F.Supp.

695, 700 (1985), *aff'd,* 783 F.2d 184 (Fed.Cir. 1986), the Court finds that the questions of law in *Pasco* are sufficiently different from the issues involved in this case. Unlike the situation in *Pasco,* the plaintiffs in this case do not seek the opportunity to confront and cross-examine witnesses. Thus, the concerns evinced by the *Pasco* Court that cross-examination would disrupt the proceedings, are simply not presented in this action. Similarly, the *Pasco* Court noted that there was no statutory requirement for cross-examination or even a hearing. 83 Cust.Ct. at 78. In this case, by contrast, there can be no dispute that a hearing is required if an appropriate request is timely submitted. *See* 19 U.S.C. § 2271(b); 29 C.F.R. 90.13(a). At the hearing, interested persons are entitled to be present, to produce evidence, and to be heard. § 2271(b). There is also no dispute that the regulations provide for the submission of briefs. 29 C.F.R. § 90.13(g).

*Assuming arguendo* that the investigation conducted by Labor is purely of a factfinding non-adverserial nature,[2] the Court is persuaded that there are compelling reasons by virtue of minimal principles of procedural fairness to afford plaintiffs an opportunity to examine the confidential information in order to prepare an appropriate response. As this Court is bound to sustain the determination by Labor if supported by substantial evidence, *see* § 2395(b), it is incumbent upon Labor at the administrative level to consider all relevant evidence that is properly presented.[3] If plaintiffs cannot examine the confidential materials, they will not know what, if anything, they should endeavor to rebut. The need to examine these materials takes on even greater significance since the agency previously relied upon false confidential information supplied by the Company. As stated previously, the Company represented that it imported no foreign products

when it was apparently importing large quantities of foreign components.

Defendant also argues that this Court has no authority upon remand to supersede valid regulations of the agency and order Labor to disclose confidential information to the plaintiffs. The challenged regulation provides as follows:

> (b) *Information not available to the public.* Confidential business information, defined in § 90.33 of this part, shall not be available to the public.

29 C.F.R. § 90.32(b). Although the nature of the information supplied in this case is not in dispute, confidential business information is defined as follows:

> (a) *Definition.* Confidential business information means trade secrets and commercial or financial information which are obtained from a person and are privileged or confidential, as set forth in 5 U.S.C. 552(b) and 29 C.F.R. Part 70.

29 C.F.R. § 90.33(a).

At the outset, the Court recognizes that it is within the agency's discretion in the exercise of its expertise to determine how it will implement the statutory mandate. If the agency's construction of a statute is reasonable, it must be sustained. *Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). *See also FEC v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981); *Smith-Corona Group v. United States,* 713 F.2d 1568, 1571 (Fed. Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984). Indeed, as the *Pasco* Court correctly asserted: "[a]bsent constitutional restraints or extremely compelling circumstances the administrative agencies 'should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of per-

---

**2.** Because the plaintiffs in this case do not seek the rights of confrontation and cross-examination, the Court deems it inappropriate at this time to decide whether or not the full procedural safeguards of Title 5 apply to adjustment assistance proceedings.

**3.** This of course seems wholly consistent with the agency's own regulations which allow for the submission of briefs. *See* 29 C.F.R. 90.13(g). The statute also allows a hearing at which interested persons are afforded an opportunity to be present, to produce evidence, and to be heard. § 2271(b).

mitting them to discharge their multitudinous duties.'" *Pasco*, 83 Cust.Ct. at 78–79, 477 F.Supp at 213 (citing *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543, 98 S.Ct. 1197, 1211, 55 L.Ed.2d 460 (1978)).

 Nevertheless, while the Court finds that the agency's regulation is reasonable, as it is apparently necessary to prevent the uncontrolled disclosure of confidential data, the regulation is simply inapplicable to the facts of this case. The regulation merely provides that confidential information shall not be available to the *public*. The Court is aware of nothing which compels the conclusion that confidential information should not be available to the *parties* of the administrative proceeding.[4] In view of the standard of review governing these proceedings, the compelling need to afford the parties an opportunity to examine confidential information in order to prepare a response which response is wholly consistent with the regulations, and the needs of Labor to have a proper exposition of the issues presented, the Court holds:

(1) The decision of Labor dated May 29, 1987 in Investigation TA–W–17139 is remanded for redetermination;

(2) Plaintiffs shall be afforded access to the confidential information in the supplemental administrative record while the case is before Labor;

(3) That upon receipt of the confidential information, plaintiffs shall have 15 days in which to supply a brief and any other responsive materials deemed necessary by them for due consideration by Labor;

(4) That the parties may agree upon appropriate safeguards to secure the confidentiality of the materials sought to be examined or apply to the Court for an appropriate protective order; and

(5) That Labor shall issue a redetermination and file such redetermination together with any supplemental record with the

Court within 15 days from the date it receives plaintiffs' response.

---

**4.** The Court finds it extremely significant that both the International Trade Commission and the Secretary of the International Trade Administration are empowered to issue administrative protective orders for the protection of confidential information. *See* 19 C.F.R. §§ 211.52, 353.-30. While the Court expresses no opinion in this regard, it would seem appropriate for Labor to employ the same technique.