**FORMER EMPLOYEES OF BASS ENTERPRISES PRODUCTION COMPANY, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

Court No. 87–04–00584.

United States Court of International Trade.

June 28, 1988.

Charles E. Williams, pro se.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Elizabeth C. Seastrum, U.S. Dept. of Labor, Gary Bernstecker, Washington, D.C., for defendant.

DiCARLO, Judge:

Defendant moves for an order suspending all proceedings in this action for 60 days from the Court's order entered June 2, 1988. On that date, the Court ordered the United States Department of Labor (Labor) to prepare and issue a final determination consistent with *Former Employees of Bass Enterprises Prod. Co. v. United States*, 12 CIT ——, 688 F.Supp. 625 (1988), which vacated and remanded Labor's denial of trade adjustment assistance benefits after finding that Labor denied plaintiffs their due process in not giving actual notice of the 10–day period in which to request a hearing on the petition for adjustment assistance.

Defendant states that it makes its motion because the government is considering whether to file a notice of appeal from Slip Op. 88–68. 12 CIT ——, 688 F.Supp. 625. Defendant states that "the Government is

allowed sixty days in which to file a notice of appeal because the decision-making process may be time consuming. 28 U.S.C. § 2107." Defendant's Motion at 1.

### Discussion

Slip Op. 88–68 vacated and remanded this action to Labor for further proceedings. The order on June 2, 1988 defined the scope of those further proceedings and ordered Labor to report back its results to the Court.

The United States Court of Appeals for the Federal Circuit has jurisdiction over appeals from final decisions of the United States Court of International Trade. 28 U.S.C. § 1295(a)(5) (1982). An order is generally final only when it ends the litigation on the merits and leaves nothing for the court to do but execute judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). It is well established that an order remanding a case to the agency from which it has been appealed is not a final order for the purposes of appellate review, even though the order may resolve an important legal issue. *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (1986); *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir.1985); *In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir.1984). As the Supreme Court has explained, this final judgment rule:

> helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the prejudgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.

*Flanagan v. United States*, 465 U.S. 259, 263–64, 104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288 (1984).

One statutory exception to the final judgment rule allows a judge of the Court of International Trade to certify an order for appeal which the Court of Appeals for the Federal Circuit may then allow in its discretion. 28 U.S.C. § 1292(d)(1) (1982); *Cabot Corp.*, 788 F.2d at 1543. The order must

include a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(1) (1982). Defendant has not moved for such an order.

### Conclusion

This Court's orders remanding to Labor for further proceedings are not final orders. Defendant's motion for a stay of the administrative proceedings while it contemplates an appeal is denied.