**FORMER EMPLOYEES OF BASS ENTERPRISES PRODUCTION COMPANY, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

Court No. 87–04–00584.

United States Court of International Trade.

July 20, 1988.

---

374

Charles E. Williams, pro se, for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Elizabeth C. Seastrum); U.S. Dept. of Labor (Gary Bernstecker), for defendant.

DiCARLO, Judge:

Defendant moves pursuant to Rules 1, 7, and 59 of the Rules of this Court for a rehearing of its motion for a 60–day stay of proceedings which was denied in *Former Employees of Bass Enter. Prod. Co. v. United States*, 12 CIT ——, 688 F.Supp. 1550 (1988).

### Background

On May 27, 1988 the Court issued an opinion which vacated and remanded Labor's denial of trade adjustment assistance benefits after finding that Labor denied plaintiffs their due process in not giving actual notice of the 10–day period in which to request a hearing on the petition for adjustment assistance. *Former Employees of Bass Enter. Prod. Co. v. United States*, 12 CIT ——, 688 F.Supp. 625 Slip Op. 88–68 (May 27, 1988). The Court also found that Labor's determination was not supported by a showing of reasoned analysis. In an order entered June 2, 1988, the Court instructed Labor to prepare and issue a final determination consistent with Slip Opinion 88–68 within 60 days and transmit a copy of the new determination to the Court.

Defendant moved to suspend all proceedings for 60 days from June 2, 1988 while it considered whether to file a notice of appeal from Slip Op. 88–68. On June 28, the Court denied this motion on the grounds that the Court's remand order in Slip Op. 88–68 and the order to conduct a new investigation entered on June 2, 1988 were not

final orders for purposes of appellate review, even though the orders might resolve an important legal issue. *Former Employees of Bass Enter. Prod. Co.*, 12 CIT ——, 688 F.Supp. 1550.

### Discussion

██ Defendant now moves for a rehearing on its motion to stay the administrative proceedings and invokes the "collateral order" exception to the general rule that an order remanding an action to an administrative agency is not final for purposes of an appeal.

To come within the collateral order exception, a party wishing to appeal an order must show at a minimum that the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Cabot Corp. v. United States*, 4 Fed.Cir. (T) 80, 84, 788 F.2d 1539, 1543 (1986).

Defendant asserts that Slip Op. 88–68 fits within the collateral order exception because it conclusively determines the issue of whether actual notice of the opportunity for a hearing must be provided to *pro se* petitioners, that this procedural issue is completely separate from the merits of the action which concern the petitioners' eligibility for adjustment assistance benefits, and that Labor's compliance with the Court's order, by providing a hearing as part of the administrative process and then reaching a decision based upon all available evidence, would effectively moot further review of the Court's order requiring actual notice.

██ The United States Court of Appeals for the Federal Circuit has jurisdiction over appeals from final decisions of the United States Court of International Trade. 28 U.S.C. § 1295(a)(5) (1982). The Court of International Trade's interpretation of its orders as non-final cannot bind the Federal Circuit, which may or may not consider the orders final for purposes of 28 U.S.C. § 1295(a)(5) and assume jurisdiction under the collateral order exception. In any event, an interlocutory appeal of Slip Op. 88–68 would not cure the portion of Labor's determination that was found to be unsupported by reasoned analysis. The Court observes that its holding that Labor's failure to provide actual notice deprives petitioners of their due process rights merely follows and applies consistent judicial precedent from the past three years. *Former Employees of Homestake Mining Co. v. Brock*, 12 CIT ——, Slip Op. 88–41 (Mar. 28, 1988) [available on WESTLAW, 1988 WL 30652]; *Miller v. Donovan*, 9 CIT 473, 620 F.Supp. 712 (1985); *Estate of Finkel v. Donovan*, 9 CIT 374, 614 F.Supp. 1245 (1985). Defendant has not invoked the 28 U.S.C. § 1292(d)(1) (1982), the statutory exception to the final judgment rule which allows a trial court judge to certify an order for appeal to the Federal Circuit. *Defendant's Motion for Rehearing*, at 2 n. 1.

Labor should decide by July 26, 1988 whether it will file a notice of appeal with the Federal Circuit, at the end of 60 days following Slip Op. 88–68 on May 27, 1988. The filing of the notice of appeal from Slip Op. 88–68 would then stay the other proceedings under Rule 62 of the Rules of this Court, and Labor would not issue the new determination ordered. If no appeal is taken, the ordered new investigation will proceed and the results would be due on August 1, 1988.

### Conclusion

Given that Labor will know on July 26 whether it will file the new determination on August 1, there is no reason to stay the administrative proceedings at this late date simply because Labor is unsatisfied with three years of rulings from the Court of International Trade. Defendant's motion for rehearing is denied.