**FORMER EMPLOYEES OF BASS ENTERPRISES PRODUCTION COMPANY, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**No. 87–04–00584.**

United States Court of International Trade.

Jan. 24, 1989.

Charles E. Williams, pro se, and for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Elizabeth C. Seastrum, U.S. Dept. of Labor, Washington, D.C., Gary E. Bernstecker, for defendant.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

This action is before the Court to review remand results ordered in *Former Employees of Bass Enter. Prod. Co. v. United States*, 12 CIT ——, 688 F.Supp. 625 (1988), *motion to stay remand denied*, 12 CIT ——, 688 F.Supp. 1550 (1988), *rehearing on motion to stay remand denied*, 12 CIT ——, 691 F.Supp. 373 (1988). The Court finds that (1) the statement on behalf of counsel for defendant that it is "unlikely" that plaintiffs "could satisfy" the first criterion for assistance does not amount to a finding by the United States Department of Labor (Labor) that plaintiffs do not satisfy the requirement that a significant number of workers have been or are threatened with separation; (2) although Labor determined that sales or production of oil increased, the statute requires Labor to examine sales or production of the firm or subdivision rather than only one of two related products which are each important to the firm where the petitioning workers produce both articles; and (3) that Labor did not apply the statutory changes to the third criterion which entered into effect before Labor held its hearing and made its determination. The Court vacates and remands for redetermination of eligibility for trade adjustment assistance benefits. The Court also remands for inquiry into charges that Labor's investigation was biased against granting adjustment assistance.

## BACKGROUND

In *Bass I*, the Court found that Labor (a) denied plaintiffs due process in not giving actual notice of the 10–day period in which to request a hearing, and (b) did not support its denial of benefits with a reasoned analysis. *Former Employees of Bass Enter. Prod. Co. v. United States*, 12 CIT ——, 688 F.Supp. 625 (1988) (*Bass I*). The Court accordingly vacated the denial of trade adjustment assistance benefits and remanded for a new investigation. *Id.* at ——, 688 F.Supp. at 632. Following plaintiffs' request for a hearing on remand, Labor scheduled a hearing in Dallas, Texas. Supp.R. 10; *Bass Enterprises Production Co., Fort Worth, TX; Public Hearing*, 53 Fed.Reg. 29,790 (Aug. 8, 1988).

Before the hearing was held, the Omnibus Trade and Competitiveness Act of 1988 made changes in the law relating to the eligibility of oil and gas workers to apply for adjustment assistance. At the hearing held on August 29, 1988, plaintiffs presented testimony and evidence to supplement the administrative record, and argued that Labor should apply the new trade law provisions which came into effect for oil and gas workers. In its remand determination on September 19, 1988, Labor reaffirmed its original denial of adjustment assistance benefits. *Bass Enterprises Production Co., Fort Worth, TX; Negative Determination on Remand*, 53 Fed.Reg. 37,655, 37,656 (Sept. 27, 1988).

## STANDARD OF REVIEW

The standard of review which the Court must apply to a denial of a petition for adjustment assistance is whether the Secretary of Labor's decision is supported by substantial evidence on the record as a whole and is in accordance with law. 19 U.S.C. § 2395(b) (1982). Labor's findings of fact are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b) (1982). Rulings made on the basis of those findings must be in accordance with the statute and not be arbitrary or capricious, and for this purpose the law requires a showing of reasoned analysis. *International Union, United Auto., Aerospace and Agricultural Implement Workers of Am. v. Marshall*, 584 F.2d 390, 396 n. 26 (D.C.Cir.1978); *Chapman v. Donovan*, 9 CIT 545, 547 (1985).

## DISCUSSION

### I. Denial of Eligibility for Adjustment Assistance

19 U.S.C. § 2272 (1982 & Supp. IV 1986) directs the Secretary of Labor to certify a group of workers as eligible to apply for adjustment assistance if the Secretary determines:

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

The Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, §§ 1421, 102 Stat. 1107, 1242–44 (1988), renumbered the preceding section as 19 U.S.C. § 2272(a) and added the following provision relating to the eligibility of oil and gas workers to apply for adjustment assistance benefits:

(b) For purposes of paragraph (a)(3)—

(1) the term "contributed importantly" means a cause which is important, but not necessarily more important than any other cause.

(2)(A) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas shall be considered to be a firm producing oil or natural gas.

(B) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas, or otherwise produces oil or natural gas, shall be considered to be producing articles directly competitive with imports of oil and with imports of natural gas.

19 U.S.C. § 2272 (1982 & Supp. IV 1986), as amended by the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a)(1), 102 Stat. 1107, 1242–44 (1988). This provision is retroactive to workers separated after September 30, 1985. Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a)(2), 102 Stat. 1107, 1243 (1988). See also Trade Adjustment Assistance; Oil and Gas Exploration Workers; Petitions, 53 Fed.Reg. 35,390 (Sept. 13, 1988).

■ The changes under the 1988 Omnibus Trade Act have not altered the rule under the former provision that failure to satisfy any one of the three criteria for certification of workers for assistance will result in denial of adjustment assistance. See Former Employees of Asarco's Amarillo Copper Refinery v. United States, 11 CIT ——, 675 F.Supp. 647, 651 (1987); Abbott v. Donovan, 8 CIT 237, 239, 596 F.Supp. 472, 474 (1984). Accordingly, if the Court sustains Labor's determination regarding the failure to satisfy any one of the three requirements for certification, the Court will sustain the negative determination as a whole.

### 19 U.S.C. § 2272(a)(1)

■ Labor states that "new findings on reconsideration show that Bass Enterprises replaced geologists and geophysicists with contract employees—geological consultants—performing these services." 53 Fed.Reg. at 37,655.

Defendant's brief states that "it is unlikely that plaintiffs could satisfy the first criterion of the adjustment assistance requirements." Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand, at 16 (emphasis added). Labor made no express determination on remand whether the finding that Bass had "replaced geologists and geophysicists with contract employees" meant that plaintiffs had failed to satisfy the requirement "that a significant number or proportion of workers in such workers' firm or an appropriate subdivision have become totally or partially separated, or are threatened to become totally or partially separated." 19 U.S.C. § 2272(a)(1).

In Bass I the Court found that Labor's determination under this first criterion was

not supported by a reasoned analysis. 12 CIT at ——, 688 F.Supp. at 630. Labor had failed to address claims that because imports will not affect accountants, administrators, engineers, secretaries, janitors, health club employees, security personnel, and other workers, Labor should look only to Bass workers who were involved in producing crude oil and natural gas. *Id.* at ——, 688 F.Supp. at 629.

In the absence of a specific finding by the Secretary of Labor that the Bass Employees did not satisfy 19 U.S.C. § 2272(a)(1), and a reasoned analysis to support that determination if it was in fact made, the Court is unable to affirm the denial of adjustment assistance benefits based only on counsel for defendant's assertion that it is "unlikely" that plaintiffs "could satisfy" 19 U.S.C. § 2272(a)(1). The statute provides that the Secretary of Labor must make each of the three determinations, not attorneys representing the Department of Labor. 19 U.S.C. § 2272(a) (1982 & Supp. IV 1986), *as amended* by the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a)(1), 102 Stat. 1107, 1242–43 (1988).

Defendant's brief states that "regardless of the merit of plaintiffs' contentions concerning separation of workers," Labor's denial should still stand for plaintiffs' failure to satisfy the remaining criteria. *Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand,* at 17. The Court accordingly turns to Labor's analysis of the other criteria for adjustment assistance.

### 19 U.S.C. § 2272(a)(2)

In its remand determination, Labor stated that

Bass was primarily a crude oil producer with natural gas accounting for an important portion of the total production. Investigation findings for Bass showed increased sales and production of crude oil for 1985 and 1986. Accordingly, there is no need for a customer survey of Bass' crude oil customers since the workers could not meet all three group eligibility criteria.

53 Fed.Reg. at 37,655. Labor also found that the petitioning workers "were not separately identifiable by product." *Id.*

Before denying benefits, Labor must determine whether "sales or production, or both, *of such firm or subdivision* have decreased *absolutely.*" 19 U.S.C. § 2272(a)(2) (emphasis added). Labor did not determine that sales or production of the "firm or subdivision" had increased, but rather determined that sales or production of only one of two important products had increased in terms of quantity.

Labor based this determination on the same record as the original denial of benefits. This record shows that in terms of quantity, the production of oil increased in 1985 compared with 1984 and in 1986 compared with 1985, while the production of natural gas decreased in 1985 compared with 1984 and in 1986 compared with 1985. *Bass I,* 12 CIT at ——, 688 F.Supp. at 631.

Plaintiffs argue that crude oil cannot be produced without the production of natural gas, from the same wells, at the same time. Based on this fact, plaintiffs argue that Labor

must consider both crude oil and natural gas sales and production *together* (combined) for its determination whether [19 U.S.C. § 2272(a)(2) ] is met by [Bass]. Data was also presented to Labor that when sales and production of crude oil and natural gas are combined (summed) using the only common units available, that of value, then sales and production are seen to have decreased absolutely from 1984 to 1985, and from 1985 to 1986. Furthermore, data was also presented that production and sales of crude oil increased in quantity in 1985 compared with 1984, and in 1986 compared with 1985 while production and sales of natural gas decreased absolutely in quantity in 1985 compared with 1984, and in 1986 compared with 1985. Since, when measured in quantity, sales of one of the products Bass produces increased while sales of the other product decreased during the same period, and these products are produced together the Department of Labor, must, at the very

least use production and sales in terms of value for both products. When production and sales are measured in terms of value, it is clearly observed that for both crude oil and natural gas, production and sales declined absolutely from 1984 to 1985, and from 1985 to 1986. *Plaintiffs' Brief After Remand*, at 12–13.

Since crude oil is measured in terms of barrels and natural gas is measured in terms of thousand cubic feet, plaintiffs argue that cumulation cannot be done on a quantity basis and Labor should have examined Bass' production of natural gas and crude oil together on a value basis. Labor rejected this contention because quantity data "is a more reliable indicator than value to measure decreases or increases in production or sales." 53 Fed.Reg. at 37,-655. In support of its position that it may use quantity rather than value to analyze whether production has decreased, Labor cites *Former Employees of Asarco's Amarillo Copper Refinery v. United States*, 11 CIT ——, 675 F.Supp. 647 (1987). Labor argues that

> [i]f Congress had been dissatisfied with this Court's ruling in *Asarco*, it could have modified the trade adjustment assistance provisions in the Omnibus Trade Act of 1988. Congress did modify other provisions of the adjustment assistance law in the 1988 Act.... The fact that it chose not to change or clarify the statute on the question of whether quantity or value should be used indicates that Congress was satisfied with Labor's and the Court's interpretations of the law to date.

*Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand*, at 8.

In *Asarco*, this court affirmed Labor's interpretation that sales have not "decreased absolutely" when there is an increase in the number of articles sold by the firm or subdivision. *Id.* at ——, 675 F.Supp. at 650. Contrary to defendant's assertion that the court interpreted the statute to accord with Labor's interpretation, *Asarco* found only that Labor's interpretation was "sufficiently reasonable" to preclude the Court from substituting its interpretation for that of the Secretary. *Asarco* involved the sales of only a single product, refined copper cathodes, which decreased in terms of value but increased in terms of quantity.

If the sales or production of natural gas had also increased in terms of quantity along with oil, the Court would follow *Asarco* and affirm Labor's denial of adjustment assistance. *Asarco* did not address, however, the situation of two related products where the quantity of sales or production increases for one product while decreasing for another product that is important to the firm. It is not enough that Congress could have changed the law to anticipate a situation not present in *Asarco*.

Labor must determine that sales or production or both, "of such firm or subdivision" have decreased absolutely. 19 U.S.C. § 2272(a)(2). The statute does not permit Labor to deny benefits upon determining that the quantity of sales or production of only one of two important and related products has not decreased absolutely where the petitioning workers are producing both products. In this context, related products refer to those products which employ the same production processes and are produced from the same source. Labor identified "natural gas [as] accounting for an important portion of total production" of Bass. 53 Fed.Reg. at 37,655. Labor also found that the workers "were not separately identifiable by product." *Id.* Before denying benefits under 19 U.S.C. § 2272(a)(2), Labor may employ a common denominator (e.g., value), for the products which are important to the firm or subdivision; determine that production or sales have either increased or decreased in terms of quantity for each of the important related products; or employ some other reasonable methodology which the Court can then review. The Court finds it an unreasonable interpretation of the statute to deny benefits where the quantity of only one of two related products increased where each product accounts for an important portion of total production and the petitioning workers produce both products.

19 U.S.C. § 2272(a)(3)

■ Labor surveyed Bass' natural gas customers in the remand investigation, but found that the customers with declining natural gas purchases from Bass "in 1985 of [*sic*] 1986 did not import natural gas." 53 Fed.Reg. at 37,655.

Although Labor asked whether these customers purchased imported natural gas, Labor apparently did not ask whether those customers purchased imported oil. Defendant argues, without support, that "[c]rude oil and natural gas are not like or directly competitive articles." *Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand*, at 8. Nevertheless, the new trade law directs Labor to consider firms that produce oil or natural gas to be producing articles directly competitive with imports of oil *and* with imports of natural gas. Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a)(1)(A), 102 Stat. 1107, 1243 (1988).

Plaintiffs had argued in favor of the new provision for oil and gas workers before Labor made its determination, Supp.R. 38–42, but Labor did not apply the new trade law's amendments for oil and gas workers. Defendant states that

> the 1988 amendment does not apply to this case, since Bass is not a separate service company. Rather, Bass both explores for and produces the articles under investigation.

*Defendant's Reply to Plaintiffs' Response To Labor's Negative Determination Upon Remand*, at 15. The amended statute applies, however, to "[a]ny firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas, *or otherwise produces oil or natural gas.*" Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a)(1)(A), 102 Stat. 1107, 1243 (1988) (emphasis added).

Labor did not hold its hearing until August 29, 1988, did not reach its determination until September 19, 1988, and did not publish the results of its determination in the *Federal Register* until September 27, 1988. Each of these events occurred after section 1421(a)(1) of the new trade law had come into effect. Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1430, 102 Stat. 1107, 1256 (1988). *Cf. Citrosuco Paulista, S.A. v. United States*, 12 CIT ——, 704 F.Supp. 1075, 1090 (1988) (change in import relief statute applied only those investigations initiated after August 23, 1988).

The Court vacates and remands for redetermination of eligibility under the new law.

## II. *Unanswered Claim of Bias*

Plaintiffs had charged that an economist in Labor's Office of Trade Adjustment Assistance of the Employment and Training Administration who conducted the remand investigation, and in turn the entire Department of Labor, were biased against granting adjustment assistance and maintained an adversarial attitude against plaintiffs rather than an attitude conducive to proper administration of a law that is intended to give financial and educational support to workers severely hurt by increases in imports. Supp.R. 42–43; *Plaintiffs' Brief After Remand*, at 44–46.

Labor did not address plaintiffs' objections in its remand determination. In its reply brief, defendant states only that: "Plaintiffs' claim is unsupported by evidence in the administrative record and must be rejected." *Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand*, at 18 n. 11.

Defendant's statement ignores that the plaintiffs claim is included in the confidential record. Supp.R. 42–43. If personal bias or prejudice is apparent in the conduct of an administrative proceeding, they may well be grounds for reversal of the administrative determination if an objection is timely made. *Jonal Corp. v. District of Columbia*, 175 U.S.App.D.C. 57, 533 F.2d 1192, 1197 (D.C.Cir.), *cert. denied*, 429 U.S. 825, 97 S.Ct. 80, 50 L.Ed.2d 88 (1976). The finder of fact must be impartial in order to assure a fair trial in an administrative proceeding. *See Withrow v. Larkin*, 421 U.S. 35, 46–47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975); *Helena Laboratories Corp. v.*

*National Labor Relations Bd.*, 557 F.2d 1183, 1188 (5th Cir.1977); R.J. Pierce, Jr., S.A. Shapiro, & P.R. Verkuil, *Administrative Law and Process* § 9.2, at 484 (1985). Adverse rulings in the proceedings are, however, insufficient by themselves to show bias. *Orange v. Island Creek Coal Co.*, 786 F.2d 724, 728 (6th Cir.1986).

The Court makes no ruling as to whether bias or prejudice is apparent from the administrative record. The Court finds, however, that where Labor is timely charged with bias or prejudice in the investigation, it should make an inquiry into the validity of the charges and respond. *See Former Employees of Tyco Toys, Inc. v. Brock*, 12 CIT ——, Slip Op. 88–114, at 4 (Aug. 26, 1988) [1988 WL 88448] (denial of adjustment assistance remanded after finding that the person supplying information was biased against providing trade adjustment funds to the claimants). Because of the *ex parte* nature of the process to certify petitions for trade adjustment assistance, the Secretary of Labor "is obliged to conduct his investigation with the utmost regard for the interests of the petitioning workers." *Local 167, Int'l Molders and Allied Workers' Union v. Marshall*, 643 F.2d 26, 31 (1st Cir.1981); *Stidham v. United States Dep't of Labor*, 11 CIT ——, 669 F.Supp. 432, 435 (1987); *Abbott v. Donovan*, 7 CIT 323, 327–28, 588 F.Supp. 1438, 1442 (1984). The Court remands for inquiry into plaintiffs' charges that the investigation was biased.

III. *Public Record*

Plaintiffs were granted access to the confidential record under this court's decision in *United Elec., Radio & Mach. Workers of Am. v. United States*, 11 CIT ——, 669 F.Supp. 467, 472 (1987). Plaintiffs claim that several public documents were not included in the public version of the record. Defendant states that this is "harmless error" because plaintiffs have access to all the confidential material. *Defendant's Reply to Plaintiffs' Response to Labor's Negative Determination Upon Remand*, at 18 n. 11. Since this action is remanded, Labor is directed to include any missing public documents in the public record for the remand determination now ordered.

### CONCLUSION

The Court remands for redetermination of eligibility under 19 U.S.C. § 2272 (1982 & Supp. IV 1986), *as amended* by the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421(a), 102 Stat. 1107, 1242–44 (1988). Defendant shall submit its redetermination within 30 days. Plaintiffs are granted 15 days in which to file any response. Defendant is granted 10 days in which to respond to plaintiffs' comments.