FORMER EMPLOYEES OF BASS ENTERPRISES PRODUCTION CO., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 87-04-00584

(Decided April 26, 1989)

*Charles E. Williams, pro se,* for plaintiffs.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Elizabeth C. Seastrum*); United States Department of Labor (*Gary E. Bernstecker*), for defendant.

DICARLO, *Judge:* After two remands to the United States Department of Labor (Labor) and a new investigation, plaintiffs were certified as eligible for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1982 & Supp. IV 1986), *as amended* by the Omnibus

Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1421, 102 Stat. 1107, 1242–44 (1988). The action in this Court to challenge the denial of certification for trade adjustment assistance is accordingly dismissed.

## BACKGROUND

In *Bass I,* the court found that Labor (a) denied plaintiffs their due process in not giving actual notice of the 10-day period in which to request a hearing, and (b) did not support its denial of certification with a reasoned analysis. The court vacated the denial of certification for trade adjustment assistance benefits and remanded for a new investigation. *Former Employees of Bass Enter. Prod. Co.* v. *United States,* 12 CIT 470, 688 F. Supp. 625, 632 (1988) (*Bass I*), *motion to stay remand denied,* 12 CIT 592, 688 F. Supp. 1550 (1988) (*Bass II*), *rehearing on motion to stay remand denied,* 12 CIT 656, 691 F. Supp. 373 (1988) (*Bass III*).

In *Former Employees of Bass Enter. Prod. Co.* v. *United States,* 13 CIT 68, Slip Op. 89–9 (Jan. 24, 1989) (*Bass IV*), the court vacated the remand results from the investigation following *Bass I. Bass IV* held that (1) a statement by defendant's counsel that it is unlikely that plaintiffs could satisfy the first criterion for assistance did not amount to a finding by Labor that a significant number of workers have been or are threatened with separation; (2) although sales or production of oil increased, the trade adjustment assistance statute requires Labor to examine sales or production of the firm or subdivision rather than only one of two related products which are each important to the firm where the petitioning workers produce both articles; and (3) that Labor did not apply retroactive statutory changes mandated in the Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1421(a), 102 Stat. 1107, 1242–43 (1988), which changed the criterion for oil and gas workers. The court accordingly vacated and remanded for redetermination of eligibility for trade adjustment assistance.

## DISCUSSION

In the second remand results, Labor found that the major share of Bass' 1985 sales decline was accounted for by decreased gas sales. *Bass Enterprises Production Co., Fort Worth, TX; Revised Determination on Remand,* 54 Fed. Reg. 12,497 (Mar. 27, 1989). Labor obtained additional and corrected information from a major gas customer who accounted for a major share of Bass' sales decline of gas in 1985 compared to 1984. *Id.* at 12, 497. The corrected information showed that customers accounting for a major share of the decline in Bass' 1985 gas sales had purchased increased quantities of imported gas in 1985 compared to 1984. *Id.* at 12,497–98.

In the second remand Labor found that worker separations began in 1985, and that production worker employment decreased in 1986 from 1985. *Id.* at 12,498. Labor also found that company sales and

production of gas decreased in 1986 compared to 1985, and that company sales and production of gas decreased in quantity and value in 1985 and 1986. *Id.*

The Court also remanded for Labor to examine unanswered charges that Labor's investigation was biased against granting adjustment assistance. *Bass IV,* 13 CIT at 75, Slip Op. 89–9 at 14–16. Labor made an inquiry into the allegations of bias but found none. Labor did find, however, that "some inadvertent miscommunication and misunderstanding between the petitioner and staff may have occurred." 54 Fed. Reg. at 12,498.

### CONCLUSION

After review of additional and corrected facts obtained after the second remand, Labor concluded that increased imports of gas like or directly competitive with the gas produced at Fort Worth, Texas contributed importantly to worker separations and to declines in production and employment at Bass Enterprises Production Company in Fort Worth. Labor then certified workers at that facility who were separated from employment between August 16, 1985 and January 1, 1987. The action challenging the denial of certification for trade adjustment assistance is accordingly dismissed.