FORMER EMPLOYEES OF HOME PETROLEUM CORP., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 90–06–00304

(Decided September 9, 1992)

*Neville, Peterson & Williams, (John M. Peterson and Peter J. Allen)* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Vanessa Sciarra)* for defendant.

## OPINION

MUSGRAVE, *Judge:* Plaintiffs challenge the determination of the Secretary of Labor denying plaintiffs' petition for certification of eligibility to apply for worker adjustment assistance. *Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance*, 55 Fed. Reg. 8,615,

8,616 (March 8, 1990); *Home Petroleum Corp.; Negative Determination Regarding Application for Reconsideration*, 55 Fed. Reg. 18,191 (May 1, 1991); *Home Petroleum Corp.; Negative Determination on Reconsideration*, 56 Fed. Reg. 43,942 (September 5,1991). The Court finds that the Secretary's determination is supported by substantial evidence on the record and otherwise in accordance with law.

The Secretary is required to certify a group of workers from a firm as eligible to apply for adjustment assistance if he determines

(1) that a significant number or proportion of the workers in such firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such worker's firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales of production.

19 U.S.C. § 2272 (1992). The Secretary found that plaintiffs did not meet criteria (2) and (3) of § 2272. *Administrative Record*, at 42. The findings of fact of the Secretary are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b) (1992).

After plaintiffs filed suit, the Secretary moved that the Court remand the case to the Department of Labor for further consideration in the light of plaintiffs' allegations. The Court granted the motion. On remand, the Secretary affirmed the original notice of negative determination. *Supplemental Administrative Record*, at 35.

Home Petroleum was an oil and natural gas exploration and production company, selling crude oil and gas liquids to refiners and natural gas to end users. *Memorandum Of Law In Support Of Plaintiffs' Motion For Judgment On The Agency Record*, at 5. In December, 1989, Home Petroleum sold its assets to another domestic oil company. As a result of the sale, plaintiffs lost their jobs. The Secretary found that the sale of Home Petroleum was "so dominant a cause that layoffs would have occurred regardless of the level of imports of natural gas or crude oil," and that therefore, increases of imports did not contribute importantly to the layoffs. *Supplemental Administrative Record*, at 35.

The Secretary also found that total sales for Home Petroleum increased in 1988 compared to 1987, and that sales for the eleven months preceding the sale of Home Petroleum in 1989 exceeded sales for the first eleven months of 1988. Therefore, notwithstanding a small decrease in production of natural gas during 1989 relative to 1988, the Secretary found that sales or production of Home Petroleum did not decrease absolutely. *Supplemental Administrative Record*, at 34–35. Home Petroleum's workers were not separately identifiable by product. *Administrative Record*, at 18.

The Court finds that these determinations are supported by substantial evidence in the record. The conclusion that imports did not contribute significantly to the layoffs is supported by the assertion in a letter from Home Petroleum to the Department of Labor stating that the layoffs were a result of the sale. *Administrative Record*, at 2. The finding that the layoffs would have occurred regardless of the level of imports is supported by the finding that Home Petroleum's total sales did not decrease during the year of the sale; it is reasonable to conclude that declining sales or production due to imports did not precipitate the sale. The conclusions with respect to Home Petroleum's relative total sales are supported in the record by information supplied by Home Petroleum. *Confidential Administrative Record*, at 20, 35.

Plaintiffs argue that the Department of Labor did not address the absolute decrease in the production of natural gas in 1989, and did not articulate any method for comparing the production of crude oil with natural gas. *Id.* at 17. While neither the redetermination nor the determination explicitly states that "total sales" referred to the total value of products sold, Home Petroleum reported its sales to the Department of Labor in dollars. *Confidential Administrative Record*, at 35. Production was reported by volume. *Id.* at 36. It may be inferred without conjecture that "total sales" referred to the cumulated value in dollars of natural gas, gas liquids and crude oil.

This Court has held that the Department of Labor may not base its determination regarding sales or production on only one product when a firm produces two or more important and related products and the petitioning workers produce both products. *Former Employees of Bass Enterprises v. United States*, 13 CIT 68, 73, 706 F. Supp. 897, 902 (1989). The Court in *Bass* went on to state that "Before denying benefits under 19 U.S.C. § 2272(a)(2), Labor may employ a common denominator (*e.g.,* value), for the products which are important to the firm or subdivision * * *." *Id.* The Department of Labor did employ the common denominator of value in this case, and the Court finds that this method is supported by substantial evidence and in accordance with law.

Plaintiffs further criticize a survey conducted by the Department of Labor on remand. The Department made phone calls to various customers of Home Petroleum and asked whether they had imported any oil or gas during the relevant period. Plaintiffs point out that it is quite feasible that these customers purchased foreign oil or gas during the period, but did not import it themselves. The inquiry did not probe whether the surveyed customers would even normally be aware of the origin of the products which they traded, plaintiffs argue. *Plaintiffs' Memorandum*, at 28.

The Court concludes that the survey, as reflected in the record, was flawed as plaintiffs suggest. Nevertheless, the separate evidence of increasing total sales and of the sale of assets of Home Petroleum is sufficient to support the Secretary's determination. Other statements

contained in the record which plaintiffs allege to be unsupported by the evidence are also not essential to the determination.

Plaintiffs argue that the inquiry is insufficient because Labor did not verify the information that the determination is based upon. However, the confidential record contains ample information, submitted by Home Petroleum, to support Labor's determination. Moreover, the petition itself was filed by Home Petroleum. *Administrative Record*, at 2.

Home Petroleum's demonstrated and commendable solicitude towards its former employees leaves little doubt as to its forthrightness in responding to the Department of Labor's inquiry. While the Department of Labor has a duty to investigate plaintiffs' petition, the nature and extent of the investigation rest within the sound discretion of the administering officials. *Cherlin v. Donovan*, 7 CIT 158, 162, 585 F. Supp. 644, 647 (1984). The decision to rely upon Home Petroleum's responses was within the lawful discretion of the Department of Labor.

Plaintiffs further argue that Labor may not make a negative determination without first determining the level of imports of articles like or directly competitive with articles produced by a petitioner's firm. The language of the statute dictates otherwise. In the absence of an absolute decrease in sales or production of the firm, plaintiffs are not eligible for adjustment assistance irrespective of the level of imports. § 2272(a)(2). Plaintiffs' allegations with respect to national pricing statistics and other "such factors" fail for similar reasons.

The negative determination of eligibility to apply for adjustment assistance of the Secretary of Labor is affirmed. The case is dismissed.