Arthur J. MILLIRON, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 86–113.

United States District Court, W.D. Pennsylvania.

Jan. 27, 1989.

Samuel S. Blaufeld, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., for defendant.

## MEMORANDUM ORDER

GERALD J. WEBER, District Judge.

After obtaining an award of Social Security disability benefits on remand to the Secretary, plaintiff's counsel seeks an award of attorney's fees under the Equal Access to Justice Act, (EAJA), 28 U.S.C. § 2412 for the time spent before this court securing remand. The government has opposed this application on the premise that plaintiff is not a "prevailing party" within the meaning of the EAJA.

Plaintiff's original application alleged an onset date of April 26, 1984. This application was denied at every administrative level, and the decision of the Secretary became final on January 8, 1986. Plaintiff appealed to this court and on December 9, 1986 we issued an Opinion and Order, vacating the Secretary's decision and remanding for further proceedings.

On remand plaintiff presented new medical evidence concerning plaintiff's hospitalization on June 10, 1986. This evidence had not previously been available to the Secretary or this court. Although the Sec-

retary reaffirmed his decision denying benefits for the earlier period, he did find a disability commencing with the hospitalization of June 10, 1986. Plaintiff did not appeal this decision.

Plaintiff now seeks an award of fees for the time spent before this court securing remand, contending that the government's position before this court was not substantially justified and that plaintiff ultimately prevailed on remand. The government on the other hand points out that plaintiff did not obtain any award of benefits for the time period which was the subject of the initial administrative proceedings and the appeal to this court, and therefore cannot be considered a prevailing party under the EAJA.

Merely obtaining a remand is not sufficient to make plaintiff a prevailing party under the EAJA. E.g., *Brown v. Secretary,* 747 F.2d 878 (3d Cir.1984). Plaintiff must ultimately secure an award of benefits and as one court has put it, to be a prevailing party the claimant "must obtain those benefits which he sought on the original appeal to the district court." *Swedberg v. Bowen,* 804 F.2d 432, 434 (8th Cir.1986). See also, *Sherman v. Bowen,* 647 F.Supp. 700 (D.Me.1986); *Moore v. Bowen,* 1987 WL 54405, No. 84–0357–B, slip opinion (D.Me. June 25, 1987).

In this case, although plaintiff ultimately obtained disability benefits, it was for a period subsequent to the period at issue before the District Court. Plaintiff did not prevail on any claim of disability at issue before the District Court and indeed he ultimately prevailed for a later period of disability only because of subsequent medical evidence not available to the Secretary or the Court prior to remand.

The import of the remand in this case is negligible. Remand was not even necessary to keeping the claim for the later period alive because the change in medical condition would have permitted a new application. Thus remand achieved nothing for plaintiff other than administrative convenience. Remand did not result in a change in the Secretary's decision on the earlier period and it was not necessary to

an award for the later period. Therefore plaintiff is not a prevailing party under the EAJA and is not entitled to an award of fees for time expended securing the remand. Plaintiff's petition is therefore DENIED.

Plaintiff's counsel has not made application for an award of fees under § 206 of the Social Security Act and so we make no comment on it.

SO ORDERED.