**Marian HUDSON, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–2637.**

United States District Court, W.D. Pennsylvania.

Nov. 25, 1991.

---

**38**

Karl E. Osterhout, Sewickley, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

ZIEGLER, District Judge.

Pending before the court are plaintiff's motion for the entry of judgment for widow's disability benefits and a petition by plaintiff's counsel for approval of attorney's fees,[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and response of defendant. For the reasons set forth below, we will grant the motion and petition.

## BACKGROUND

On June 7, 1983, plaintiff, Marian Hudson, filed an application for widow's disability benefits based on the earnings record of her deceased spouse. In a decision dated March 25, 1985, the administrative law judge found that Hudson did not have an impairment or combination of impairments equal or medically equivalent to a listed impairment and denied Hudson's claim for disability benefits. On September 5, 1985, the Appeals Council denied review. Hudson filed suit in this court and alleged that the Secretary's regulations and rulings for determining such benefits violated the Social Security Act, due process, and established law in this jurisdiction. Hudson sought nationwide class certification.

In *Hudson v. Sullivan*, 717 F.Supp. 340, 351 (W.D.Pa.1989), we denied plaintiff's request for class certification. However, we held that Social Security Ruling 83–19 ("SSR 83–19") violated the Social Security Act and prohibited the Secretary from considering Hudson's functional limitations when determining whether her impairments were equivalent to the requirements of impairments listed in 20 C.F.R. Appendix 1 to Subpart P. We remanded to the Secretary to consider Hudson's functional limitations when determining whether her impairments met or equalled the requirements of listed impairments when evaluat-

---

**1.** Plaintiff's counsel seeks the sum of $10,203.75 for 107.25 hours of service performed before this court at an hourly rate of $95.00 per hour. This includes one hour of service and $15.00 of FAX expense incurred by Attorney Kirk B. Roose.

ed without applying the invalidated provision of SSR 83–19.

The Secretary considered, via the ALJ, additional material evidence pertaining to Hudson's functional limitations and impairments through the testimony of Richard M. Klein, M.D. Dr. Klein testified that Hudson suffered from cervical spondylosis and pain. The ALJ found that these impairments met the severity requirements of listed impairments. Record at 435. On July 17, 1990, the ALJ awarded disabled widow's benefits to Hudson, effective August 26, 1983, under § 202(e) of the Social Security Act, 42 U.S.C. § 402(e). R. at 438. However, the ALJ found that Hudson's impairments and all resulting functional limitations did not meet or equal the listed impairments before that date. R. at 437.

On April 10, 1991, almost nine months after the decision, Hudson moved for the entry of judgment and her counsel filed a petition for attorney's fees. On June 19, 1991, the Secretary filed a supplemental transcript of proceedings on remand which included the testimony of Dr. Klein, the new findings of fact, and a decision.

The issues raised by the parties are (1) whether this court entered final judgment on May 31, 1989, and therefore counsel's EAJA petition was time barred after August 29, 1989;[2] (2) whether the equitable doctrines of tolling and estoppel bar the Secretary's defense that the EAJA petition was untimely;[3] (3) whether Hudson was a prevailing party under the EAJA; and (4) whether the Secretary's position under the EAJA was substantially justified.

I

■ The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award...." 28 U.S.C. § 2412(d)(1)(A). Therefore, we must determine whether our remand in *Hudson* constituted a final judgment under the EAJA.

Only two types of remands are permitted for actions under 42 U.S.C. § 405(g). "[R]emand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991).

Prior to *Melkonyan,* case law in this jurisdiction did not require a plaintiff to file a fee petition until thirty days after a district court entered final judgment and the appeal period expired. In the present case, the Secretary argues that *Melkonyan* must be applied retroactively and that our remand in *Hudson* accompanied a final judgment pursuant to sentence four. Conversely, Hudson contends that this court did not enter final judgment because sentence six governed the remand, or in the alternative, that *Melkonyan* must be applied prospectively.

Sentence four of § 405(g) provides that "[t]he court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In sentence four cases, the filing period begins after final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. 28 U.S.C. § 2412(d)(2)(G).

Sentence six of § 405(g) provides, in pertinent part:

The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is *new evidence which is material* and that there is *good cause for the failure to incorporate such evidence*

---

**2.** The time period of 90 days is based upon the 60–day period for filing an appeal after the entry of a final judgment by the district court and the 30–day period for filing a petition under the EAJA.

**3.** Because of our disposition of this matter, we need not address this issue.

*into the record in a prior proceeding*; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (emphasis added).

"In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan,* 111 S.Ct. at 2165.

In the present case, the Secretary's consideration of Hudson's functional limitations, via the ALJ, involved taking additional material evidence pertaining to Hudson's limitations and impairments. Although the ALJ did not consider Hudson's limitations after August 26, 1983, there was good cause for the failure to incorporate this evidence into the original record, because the Secretary's application of SSR 83–19 prohibited consideration of Hudson's functional limitations. Furthermore, our remand neither expressly relinquished jurisdiction nor accompanied a judgment affirming, modifying or reversing the Secretary's decision under sentence four. Therefore, we hold that this case is a sentence six case and enter judgment for Hudson pursuant to Rule 58. Because plaintiff's counsel is not required to file a fee petition until 90 days after the entry of judgment, counsel's present fee petition is timely.

In applying *Melkonyan* to this case, we recognize that we must retroactively apply a new rule of federal law after its announcement. *James B. Beam Distilling Co. v. Georgia,* — U.S. ——, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991). When a new rule of law, confined to a choice of law, is applied to litigants in one case, it must be applied to all others not barred by procedural requirements or res judicata. *Id.* 111 S.Ct. at 2448. Equality and stare decisis prevail over any claim based on the analysis of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *Beam,* 111 S.Ct. at 2446. Therefore, retroactive application of *Melkonyan* is required here. *Fergason v. Sullivan,* 771 F.Supp. 1008 (W.D.Mo.1991); *Audette v. Secretary of Health and Human Services,* 776 F.Supp. 84, 90 (D.R.I.1991); *see Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991).[4]

## II

The EAJA provides, in pertinent part: A court shall award to a *prevailing party* other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

██ A "prevailing party" is one who fairly can be found by a district court to have essentially succeeded on the claims for relief. *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883 (3d Cir.1984). This focus is on the relief received and not the substantive merits of a plaintiff's claims. *Bagby v. Beal,* 606 F.2d 411, 415 (3d Cir.1979). On remand, a plaintiff must secure an award of benefits that was originally sought on appeal to the district court. *Milliron v. Bowen,* 708 F.Supp. 677, 678 (W.D.Pa.1989).

██ In addition to obtaining the benefit sought, one can be a prevailing party only if there is a causal relationship between the

---

4. We note that retroactive application of *Melkonyan* is contrary to *Miller v. Sullivan,* No. 90–2408, 1991 WL 165067 at *2 (E.D.Pa. August 23, 1991) (ignoring *Beam* and not applying *Melkonyan* retroactively to time bar a fee application); *Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (acknowledging *Beam* but using *Chev-* *ron* to conclude prospective application of *Melkonyan*) and *Butts v. Bowen,* 775 F.Supp. 1167, 1172 (N.D.Ill.1991) (applying *Chevron* to a sentence four remand but distinguishing *Melkonyan* and arguing that it was a sixth sentence remand case).

action and the ultimate relief received. *Sullivan v. Pennsylvania Department of Labor and Industry,* 663 F.2d 443, 448 (3d Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). The central inquiry regarding a causal-connection is "whether the plaintiff obtained the relief sought 'as a result of' [his] judicial efforts, or whether these efforts were a 'material factor' in obtaining the relief." *Sullivan,* 663 F.2d at 449. In determining whether causation is shown, a district court is "bound to apply the most expansive definition" of such causation. *N.A.A.C.P. v. Wilmington Medical Center, Inc.,* 689 F.2d 1161, 1169 (3d Cir.1982), *rehearing denied,* 693 F.2d 22 (3rd Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983).

In the present case, the ALJ awarded Hudson disabled widow's benefits, effective August 26, 1983, based upon her impairments. However, the ALJ found that Hudson's impairments and resulting functional limitations did not meet or equal the listed impairments before this date. Although Hudson prevailed on a different theory of relief, she nevertheless succeeded on a significant issue in litigation which achieved the benefit that she sought. But for Hudson's lawsuit such benefit would not have been recovered. The nexus between Hudson's lawsuit and her subsequent recovery of benefits establishes that she is a prevailing party. Therefore, we hold that Hudson's recovery of benefits was not "as a result of" judicial efforts; rather, the recovery was the result of her efforts on remand which were a "material factor" in obtaining the intended relief.

### III

The Secretary contests the issue of substantial justification because SSR 83–19 was tacitly approved by two courts of appeals.[5] Such reliance by the United States is substantially justified when it is proven to a degree that would satisfy a reasonable person in both law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The government bears the burden of proof that its position is substantially justified under the EAJA. *Taylor v. Heckler,* 835 F.2d 1037, 1042 (3rd Cir.1987). While objective indicia can be relevant, such as the views of other courts on the merits, they do not conclusively establish whether the Secretary's position was substantially justified. *Pierce,* 487 U.S. at 569, 108 S.Ct. at 2552. We hold that the Secretary failed to meet his burden of persuasion by mere reliance upon the "tacit approval" of courts which did not consider the merits of whether SSR 83–19 violated the Social Security Act.

### IV

Finally, we note that the Secretary does not allege any other special circumstances that make this award of attorney fees unjust. Therefore, we hold that the fee of $10,203.75 for 107.25 hours of service at $95.00 per hour and $15.00 of FAX expense is fair and reasonable in this instance, and consistent with the requirements of the EAJA.[6]

Although the EAJA defines the deadline for filing a fee petition, plaintiffs may file petitions earlier and not wait for a final judgment. *Taylor v. United States,* 749 F.2d 171, 175 n. 8 (3rd Cir.1984). Premature filing for fees does not prejudice a plaintiff's attorney. *Melkonyan,* 111 S.Ct. at 2166. Therefore, in this instance, counsel need not file a further supplement to the fee petition.

---

**5.** The Secretary cites *Haywood v. Sullivan,* 888 F.2d 1463, 1468 (5th Cir.1989), *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir.1989), and *Fox v. Heckler,* 776 F.2d 738, 746 (7th Cir.1985).

**6.** Hudson's counsel has not applied for an award of fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), and hence we offer no comment.