**FORMER EMPLOYEES OF SHAW PIPE, INC., Plaintiffs,**

v.

**UNITED STATES SECRETARY OF LABOR, Defendant.**

Slip Op. 97–4.
Court No. 95–04–00482.

United States Court of International Trade.

Jan. 9, 1997.*

* Editor's Note: Public version of opinion. Omis-      sions by court.

**240**

Leibert L. Greenberg, New York City, for plaintiffs.

Frank W. Hunger, Assistant Attorney General of the United States; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeffrey M. Telep ); Scott. Glabman, Office of the Solicitor, United States Department of Labor, of Counsel, for defendant.

**OPINION**

CARMAN, Chief Judge.

This case is before the Court on plaintiffs' motion for judgment on the agency record pursuant to U.S. CIT R. 56.1. Plaintiffs challenge the United States Department of Labor's ("Labor" or "Department") determination that the former employees of Shaw Pipe, Incorporated's ("Shaw Pipe") Highland, Pennsylvania facility are not eligible for certification to receive trade adjustment assistance benefits because they do not produce an article within the meaning of 19 U.S.C. § 2272(a)(3) (1994). Plaintiffs assert Labor's determination that plaintiffs are ineligible for certification to receive trade adjustment assistance benefits is not supported by substantial evidence on the record and is not otherwise in accordance with law. Plaintiffs move this Court to vacate the determination and remand this matter to the Department of Labor for further consideration and redetermination.

Defendant asserts the Department of Labor's determination is supported by substantial evidence on the record and should be affirmed by this Court. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(d) (1994), and for the reasons set forth below grants plaintiffs' motion for judgment upon the agency record, vacates the Department's determination finding it unsupported by substantial evidence on the record and not otherwise in accordance with law, and remands the matter to the Department of Labor for further appropriate action.

BACKGROUND

Plaintiffs are a group of approximately thirty-five workers who were separated from Shaw Pipe's Highspire, Pennsylvania facility which was closed on August 12, 1994. Three former employees filed a petition with the Department of Labor on behalf of all separated employees for trade adjustment assistance on January 3, 1995. Plaintiffs characterized Shaw Pipe's Highspire, Pennsylvania facility as producing "small diameter steel pipe coated with polyethylene coating" and "large diameter steel pipe coated with concrete coating." (Admin. R. at 1.)

Labor initiated its investigation into plaintiffs' petition on January 3, 1995. On February 8, 1995, Labor sent a questionnaire to the plant accountant at Shaw Pipe's Highspire, Pennsylvania facility requesting information regarding operations conducted at that facility. [ ]

On February 23, 1994, the Office of Trade Adjustment Assistance, Department of Labor, reached a final negative determination, concluding the former employees of Shaw Pipe's Highspire facility were not eligible for certification to receive trade adjustment assistance benefits. *See Notice of Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance,* 60 Fed.Reg. 13,177 (Dep't Comm.1995). The basis for the Department's negative determination was its conclusion "the workers ... do not produce an article within the meaning of Section 222(3) of the Act." (Admin. R. at 17.) Labor's determination went on to note "workers of Shaw Pipe, Incorporated, Highspire, Pennsylvania may be certified only if

their separation was caused importantly by a reduced demand for their services from a parent firm, a firm otherwise related to the subject firm by ownership, or a firm related by control." The determination concluded "[t]hese conditions have not been met" and accordingly denied plaintiffs' application for certification to receive trade adjustment assistance benefits. (*Id.* at 18.)

CONTENTIONS OF THE PARTIES

A. *Plaintiffs*

Plaintiffs advance two arguments in challenging the Department's determination which found plaintiffs ineligible for certification to receive trade adjustment assistance benefits. First, plaintiffs challenge the Department's failure to "indicate any investigation of whether these were in fact 'articles' within the meaning of the Trade Act of 1974," and assert "there is no support in the agency record for the order entered in this action." (Pls.' Br. at 10.) Additionally, plaintiffs characterize the Department's analysis as "deficient and more like a post hoc analysis." (Pls.' Br. at 9.) Plaintiffs specifically challenge the failure of the investigation to include "sales or production figures for any of the relevant time periods," its "fail[ure] to discuss the time frame in which these articles were produced," and the Department's failure to determine if any imports of the products at issue entered the United States. (Pls.' Br. at 11.) Plaintiffs also challenge the Department's failure to verify Shaw Pipe's statements concerning loss of contracts and decreased sales, and its failure to determine whether there were any imports of the product at issue. Plaintiffs assert this absence of evidence in the record "fails to provide the court with an opportunity to review the basis of the administrative decision." (*Id.*)

Second, plaintiffs assert an investigator at the Department of Labor improperly supplemented the administrative record on June 1, 1995, by including in the record a letter received from Shaw Pipe after the Department reached its final determination on February 24, 1995. Plaintiffs note the Labor investigator's memorandum to the files concerning the letter stated "some of the investigator notes relevant to the findings of the

investigation were missing" and therefore, the plaintiffs contend, "the [Department of Labor] failed to follow the rules for conducting a proper investigation." (Pls.' Mem. of Law in Supp. of Mot. for Remand (Pls.' Br.) at 7.)

Plaintiffs contend these alleged flaws in the investigation require this Court to vacate Labor's determination finding plaintiffs ineligible for certification to receive trade adjustment assistance benefits, and request the Court grant its motion so "this action [may] be remanded to the Department of Labor for a more complete and adequate investigation and redetermination." (Pls.' Br. at 6.)

B. *Defendant*

Defendant opposes plaintiffs' motion for judgment upon the agency record, contending Labor's determination should be upheld as supported by substantial evidence on the record and otherwise in accordance with law. Specifically, defendant contends the Department properly declined to certify plaintiffs for trade adjustment assistance benefits because the conduct engaged in by plaintiffs does not constitute the production of an article as defined by § 222(3) of the Trade Act of 1974. Defendant notes in order to be eligible to receive trade adjustment assistance benefits, "increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof, [must] contribute[ ] importantly to such total or partial separation, or threat thereof, and to such decline in sales or production." (Def.'s Resp. to Pls.' Mot. for J. on Admin.R. (Def.'s Br.) at 5 (quoting 19 U.S.C. § 2272(a)(3) (1988)) (emphasis omitted).) Defendant asserts the Department's determination is in accordance with law because "pipe coating is a service, not an article." (Def.'s Br. at 6.) Additionally, defendant contends substantial evidence on the record supports the Department's determination that plaintiffs were not employed as service workers by a firm which produces articles adversely affected by increased imports, and therefore are ineligible to receive trade adjustment assistance benefits.

## STANDARD OF REVIEW

In reviewing determinations of the Department of Labor denying certification of eligibility to receive trade adjustment assistance benefits, this Court will sustain the Department's determination when it is supported by substantial evidence on the record and is otherwise in accordance with law. *See* 19 U.S.C. § 2395(b)–(c) (1994); *see also Former Employees of General Electric Corp. v. United States Department of Labor,* 14 CIT 608, 611, 1990 WL 129488 (1990). "Substantial evidence has been held to be more than a 'mere scintilla,' but sufficient evidence to reasonably support a conclusion." *Former Employees of General Electric Corp.,* 14 CIT at 611 (citations omitted).

█ In reviewing Labor's determination, this Court will give deference " 'to the agency's chosen [investigative] technique, only remanding a case if that technique is so marred that the Secretary's finding is arbitrary or of such a nature that it could not be based on 'substantial evidence.' '" *Former Employees of CSX Oil & Gas Corp. v. United States,* 13 CIT 645, 651, 720 F.Supp. 1002, 1008 (1989) (quoting *United Glass & Ceramic Workers of North America v. Marshall,* 584 F.2d 398, 404–05 (D.C.Cir.1978) (footnote omitted)).

## DISCUSSION

█ In order to certify a group of workers as eligible to receive trade adjustment assistance benefits as provided for under Section 222 of the Trade Act of 1974, the Secretary of Labor must determine:

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1994). It is well-settled that in order to receive trade adjustment assistance benefits, plaintiffs must satisfy all three requirements of Section 222 of the Trade Act of 1974. *See, e.g., Former Employees of Bass Enterprises Production Co. v. United States,* 13 CIT 68, 70, 706 F.Supp. 897, 900 (1989) (citation omitted) ("[F]ailure to satisfy any one of the three criteria of certification of workers for assistance will result in denial of adjustment assistance."); *Abbott v. Donovan,* 8 CIT 237, 239, 596 F.Supp. 472, 474 (1984) ("If any of these three statutory conditions does not exist, the Secretary must deny certification.").

In the case presently before the Court, the Department of Labor determined plaintiffs are ineligible to receive trade adjustment assistance benefits because plaintiffs do not satisfy the requirements of 19 U.S.C. § 2272(a)(3) (1994). More specifically, Labor's negative determination stated "[t]he investigation revealed that the workers of Shaw Pipe, Incorporated, Highspire, Pennsylvania do not produce an article within the meaning of Section 222(3) of the Act." (Admin.R. at 17.) The determination continued on to note "[t]he Department of Labor has consistently determined that the performance of services does not constitute production of an article, as required by Section 222 of the Trade Act of 1974." (*Id.*) Plaintiffs challenge the Department's determination, asserting it is unsupported by substantial evidence on the record and not otherwise in accordance with law.

This Court has interpreted the language in Section 222(3) of the Trade Act of 1974, as amended, in several opinions. One of the first significant opinions interpreting that portion of the statute, however, was decided in 1979 by the United States Court of Appeals for the First Circuit. In *Fortin v. Marshall,* 608 F.2d 525, 526 (1st Cir.1979), the First Circuit sustained the Secretary of Labor's determination that employees of a commercial airline who "performed a variety of passenger, cargo, mechanical, administrative and managerial tasks" did not produce an article within the meaning of 19 U.S.C.

§ 2272(3), and therefore, were not eligible for certification to receive trade adjustment assistance benefits. In sustaining the Secretary's determination, the Court noted "[t]o interpret air transportation services as 'articles produced' within the meaning of 19 U.S.C. § 2272(3) is to strain severely, if not fracture, the statutory language" and concluded "we do not think air transportation service is a 'product' or an 'article' in the ordinary sense of these words." *Fortin*, 608 F.2d at 527.

A second opinion addressing the language in 19 U.S.C. § 2272(3) was decided by the United States Court of Appeals for the District of Columbia Circuit in 1981. In *Pemberton v. Marshall*, 639 F.2d 798 (D.C.Cir. 1981), the District of Columbia Circuit sustained the Secretary of Labor's determination that shipyard employees who repaired and maintained marine vessels[1] were not eligible for certification to receive trade adjustment assistance benefits because they did not produce an article within the meaning of 19 U.S.C. § 2272(3). In noting the employees' actions were "clearly a service to an existing commodity," the District of Columbia Circuit stated "[e]ven if the repair necessitates the use of new materials, it cannot be said to be the creation of a new ship.... Semantics do not overcome the reality that nothing new is entering the stream of commerce." *Pemberton*, 639 F.2d at 800. The Court sustained the Secretary's determination of ineligibility, noting "[t]here was no transformation, but a mere refurbishing of what already existed." *Id.*

In *Woodrum v. Donovan*, 5 CIT 191, 564 F.Supp. 826 (1983), this Court sustained the Secretary of Labor's determination that an automobile dealer's former employees who prepared and serviced new automobiles prior to their retail sale[2] were not eligible for

certification to receive trade adjustment assistance benefits because they did not produce an article within the meaning of 19 U.S.C. § 2272(3). Additionally, the Court formulated a test for analyzing whether employees satisfy the requirements of 19 U.S.C. § 2272(3). The Court, utilizing the analysis of the District of Columbia Circuit in *Pemberton*, stated in order to satisfy the requirements of 19 U.S.C. § 2272(3), employees must "manufacture or creat[e] ... something tangible. The *Pemberton* test is whether the workers in question transformed articles into new and different articles." *Woodrum*, 5 CIT at 198, 564 F.Supp. at 831. In sustaining the Secretary's determination of ineligibility, the Court concluded "[t]here is no evidence which indicates that plaintiffs made substantial changes to the new Chrysler cars resulting in their transformation into a new end product." *Woodrum*, 5 CIT at 198, 564 F.Supp. at 832.

Finally, this Court again addressed the requirements of 19 U.S.C. § 2272(3) in *Nagy v. Donovan*, 6 CIT 141, 571 F.Supp. 1261 (1983). In *Nagy*, the Court sustained the Secretary's determination that employees who cut grooves or channels into wheel hubs for four-wheel drive vehicles were ineligible for certification to receive trade adjustment assistance benefits. In analyzing the case law interpreting 19 U.S.C. § 2272(3), the Court stated the cases discussed above "demonstrate that the term 'article,' as used in section 222(3) of the Trade Act of 1974, does not embrace activity by a worker that does not result in the creation or manufacture of a tangible commodity, *or that does not cause the transformation of an existing product into a new and different article.*" *Nagy*, 6 CIT at 145, 571 F.Supp. at 1264 (emphasis added).

---

1. The opinion notes the employees "paint and repair tankers, cargo vessels and container ships. The repairs consist of engine repairs including prop damage as well as shell damage.... In addition the Baltimore Yards have drydocking facilities wherein they can clean barnacles of the hull, scrape and paint if need, repair hull damage below the water line." *Pemberton*, 639 F.2d at 802.

2. The opinion notes the employees "made all final adjustments on the automobiles, 'including setting the timing, front end alignments, checking the oil, inspecting the rods, tightening the wheels, and other tasks.' If any mechanical defects existed in the automobiles, plaintiffs Woodrum and Johnson repaired them. On occasion, these repairs consisted of the replacement of defective engines, transmissions and differentials." *Woodrum*, 5 CIT at 192–93, 564 F.Supp. at 828.

■ These cases clearly establish that employees who provide or deliver services are not eligible for certification to receive trade adjustment assistance benefits. *See, e.g., Woodrum v. Donovan,* 5 CIT 191, 564 F.Supp. 826 (1983) (sustaining Secretary of Labor's interpretation of § 222(3) of the Trade Act of 1974 maintaining the phrase "articles produced" does not include the performance of services unrelated to the production of a tangible article); *Pemberton v. Marshall,* 639 F.2d 798, 800 (D.C.Cir.1981) (*"Fortin* ... leaves no doubt that services do not fall within the terms of § 2272."); *Fortin v. Marshall,* 608 F.2d 525, 527 (1st Cir.1979) ("When read in the context of the entire Trade Act, ... it becomes clear that the term 'article' was plainly meant to refer to a tangible thing and not to a service."). Additionally, these cases establish a test to determine whether plaintiffs applying to the Department of Labor for certification of eligibility to receive trade adjustment assistance benefits satisfy the statutory requirements of eligibility. In order to be eligible for certification to receive trade adjustment assistance benefits, an applicant must "create or manufacture a tangible commodity, or transform it into a new and different article." *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264. With respect to the present case, however, the Court finds the record does not contain substantial evidence supporting the Department's determination that the former employees of Shaw Pipe's Highspire facility are ineligible for certification to receive trade adjustment assistance benefits because the pipe coating operations they conducted constituted a service for their customers.

In the previously decided cases discussed above, the Court sustained the Department of Labor's denials of certification where the record contained evidence the plaintiffs' work did not transform the product in any material manner, *i.e.* where the beginning and end product were the same. *See, e.g., Nagy v. Donovan,* 6 CIT 141, 145, 571 F.Supp. 1261, 1264 (1983) (finding the product on which plaintiff worked "was clearly the beginning and the end product" and that "[p]laintiff ... merely serviced an already completed article"); *Woodrum v. Donovan,* 5 CIT 191, 198, 564 F.Supp. 826, 831–32 (1983) (noting that "by their own admission, ... plaintiffs did not manufacture new articles" and that plaintiffs' "work consisted of adjustments and preparation of the tangible article which was also the end product.... There is no evidence which indicates that plaintiffs made substantial changes to the new Chrysler cars resulting in their transformation into a new end product."); *Pemberton v. Marshall,* 639 F.2d 798, 800 (D.C.Cir.1981) (observing "the service did involve a tangible item—a ship—but the *same* item was also the end product. There was no transformation, but a mere refurbishing of what already existed."). With respect to the present matter, however, the Court finds the record does not contain sufficient evidence to support the Labor Department's determination findings plaintiffs ineligible for certification to receive trade adjustment assistance benefits. Indeed, the Court notes the record simply states "[t]he workers apply protective coatings to steel pipe." (Admin. R. at 17.) The Court finds this statement insufficient to support the conclusion plaintiffs merely performed a service for Shaw Pipe's customers. With the exception of an argument addressed below, the Court finds no other information in the record suggesting or supporting the Department of Labor's conclusion that Shaw Pipe's pipe coating operations conducted in Highspire, Pennsylvania constituted a service.

The absence of any evidence in the record indicating whether plaintiffs satisfy the test established in the *Nagy* opinion requires this Court to remand the case to the Department of Labor. On remand, the Department of Labor shall determine whether plaintiffs "create or manufacture a tangible commodity, or transform it into a new and different article," and thus whether plaintiffs satisfy the requirement of 19 U.S.C. § 2272(a)(3) that, in order to be eligible for certification, applicants for trade adjustment assistance produce an article within the meaning of the statute. Should the Department conclude the operations at Shaw Pipe's Highspire, Pennsylvania facility do not satisfy the *Nagy* test, the Department's investigation will terminate. Should the Department conclude the pipe coating operations do satisfy the *Nagy* test, however, the Department shall

complete whatever further investigation is necessary and reach a final determination concerning plaintiffs' eligibility for certification to receive trade adjustment assistance benefits.

Finally, the Department of Labor's investigation [ ]

■ With respect to plaintiffs' assertion the Department of Labor "failed to follow the rules for conducting a proper investigation" (Pls.' Br. at 7.) by supplementing the record following the Department's final determination, this Court rejects plaintiffs' arguments. The statute states the administrative record must contain "the findings or report upon which [the agency's] determination was based." 28 U.S.C. § 2635(d)(1)(A) (1994). The Court finds the statute's requirement was met in this case. While the administrative record was supplemented after the Department of Labor reached its final determination, the addition to the record simply provided additional evidence documenting a fact the Department relied upon in making its final determination. [ ] Plaintiff was in no way prejudiced by inclusion of the letter in the administrative record, and does not dispute the facts contained in the letter. Accordingly, plaintiffs' challenge to the determination alleging the Department engaged in improper investigative techniques by supplementing the administrative record with a letter following the final determination is rejected.

### CONCLUSION

The Court finds the Department of Labor's determination that plaintiffs do not produce an article within the meaning of 19 U.S.C. § 2272(a)(3) (1994) is not supported by substantial evidence on the record and is not otherwise in accordance with law. Accordingly, the plaintiffs' motion for judgment on the agency record is granted and the Department of Labor's determination will be vacated and remanded for further action consistent with this opinion.