**FORMER EMPLOYEES OF SHAW PIPE, INC., Plaintiffs,**

**v.**

**UNITED STATES SECRETARY OF LABOR, Defendant.**

**Slip Op. 97–161.**
**Court No. 95–04–00482.**

United States Court of International Trade.

Dec. 2, 1997.

Leibert L. Greenberg, New York, NY, for Plaintiffs.

Frank W. Hunger, Assistant Attorney General of the United States; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeffrey M. Telep); Scott Glabman, Office of the Solicitor, United States Department of Labor, Of Counsel, for Defendant.

## Opinion

CARMAN, Chief Judge.

This case is before the Court following remand to the United States Department of Labor ("Labor" or "Department") based on this Court's previously finding the Secretary's determination that plaintiffs were ineligible for certification to receive trade adjustment assistance benefits was not supported by substantial evidence on the record and was not otherwise in accordance with law. *See Former Employees of Shaw Pipe, Inc. v. United States,* 957 F.Supp. 239, 244 (CIT 1997) (*"FEO Shaw Pipe"*) (remanding matter to Labor with instructions to determine "whether plaintiffs 'create or manufacture a tangible commodity, or transform it into a new and different article'") (citation omitted). Pursuant to this Court's order, Labor has filed a Supplemental Administrative Record providing further support for its determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits. Plaintiffs assert the Supplemental Administrative Record does not contain substantial evidence supporting the Secretary's determination and move this Court to vacate Labor's determination and remand this matter once again to the Department for further consideration and redetermination.

Defendant asserts the Department of Labor's determination is supported by substantial evidence on the record and should be affirmed by this Court. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(d) (1994), and for the reasons set forth below grants defendant's Motion for Judgment Upon the Agency Record.

### BACKGROUND

Shaw Pipe, Incorporated ("Shaw Pipe") closed its pipe coating operations in Highspire, Pennsylvania on August 12, 1994, resulting in a group of approximately thirty-five workers losing their jobs. On January 3, 1995, three former employees filed a petition with the Department of Labor on the behalf of all the separated employees seeking certification to receive trade adjustment assistance benefits. Plaintiffs characterize Shaw Pipe's Highspire, Pennsylvania facility as having produced "small diameter steel pipe coated with polyethylene coating" and "large diameter steel pipe coated with concrete coating." Admin. R. at 1. Plaintiffs' petition for certification to receive trade adjustment assistance benefits was denied and plaintiffs appealed the Secretary's determination to this Court.

On January 9, 1997, this Court found the Department of Labor's determination that plaintiffs were not eligible for certification to receive trade adjustment assistance benefits was not supported by substantial evidence on the record and was not otherwise in accordance with law, and remanded the matter to Labor for further consideration. *See FEO Shaw Pipe,* 957 F.Supp. at 244. In compliance with this Court's order, Labor filed a Supplemental Administrative Record providing further support for its determination with the Court on May 5, 1997.

CONTENTIONS OF THE PARTIES

A. *Plaintiffs*

Plaintiffs raise two arguments in asserting the Department's determination should not be sustained by this Court. First, plaintiffs assert the Secretary's determination is not supported by substantial evidence on either the administrative record initially submitted to this Court or the Supplemental Administrative Record compiled pursuant to this Court's order remanding the matter to the Department of Labor.

Second, plaintiffs assert Labor's finding that plaintiffs' employment was terminated because Shaw Pipe lost its contract to coat pipe to another domestic competitor is not within the reason of the administrative record in this matter.

B. *Defendant*

Defendant contends the Supplemental Administrative Record filed pursuant to this Court's remand order provides substantial evidence supporting the Department's determination plaintiffs are ineligible for certification to receive trade adjustment assistance benefits because they do not satisfy either of the two requirements established by 19 U.S.C. § 2272(a)(3) (1994). *See* 19 U.S.C. § 2272(a)(3) (1994) (in order to certify a group as eligible to receive trade adjustment assistance benefits it must be determined "that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production").

First, defendant contends 19 U.S.C. § 2272(a)(3) requires applicants for certification to receive trade adjustment assistance benefits to have worked at a firm which "produce[s]" articles. The statutory language has been interpreted to require a determination that applicants must work at a firm that "create[s] or manufacture[s] a tangible commodity, or transform[s] it into a new and different article" to be eligible for certification. *Nagy v. Donovan*, 6 CIT 141, 145, 571 F.Supp. 1261, 1264 (1983) (interpret-ing eligibility requirements to receive trade adjustment assistance benefits established by 19 U.S.C. § 2272(3) (1980)). Defendant contends the Supplemental Administrative Record contains substantial evidence supporting the Secretary's determination that in applying protective coatings to steel pipe, Shaw Pipe's Highspire facility did not "create or manufacture a tangible commodity, or transform it into a new and different article." *Id.*

Additionally, defendant asserts even if the Court finds the record fails to support the Department's determination that plaintiffs did not work at a company which "create[s] or manufacture[s] a tangible commodity, or transform[s] it into a new and different article," *id.*, plaintiffs additionally fail to satisfy the second condition on eligibility for certification established by 19 U.S.C. § 2272(a)(3). The second condition requires a determination that an "increase[ ] of imports of articles like or directly competitive with articles produced by [plaintiffs'] firm ... contributed importantly to [plaintiffs'] total or partial separation, or threat thereof, and to such decline in sales or production." 19 U.S.C. § 2272(a)(3) (1994). Defendant contends the Court's finding either of these two arguments to be supported by substantial evidence on the record provides sufficient grounds for the Court to uphold the Secretary's determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits.

STANDARD OF REVIEW

In reviewing determinations of the Department of Labor denying certification of eligibility to receive trade adjustment assistance benefits, this Court will sustain the Department's determination when it is supported by substantial evidence on the record and is otherwise in accordance with law. *See* 19 U.S.C. § 2395(b)-(c) (1994); *see also Former Employees of General Electric Corp. v. U.S. Department of Labor*, 14 CIT 608, 611, 1990 WL 129488 (1990). "Substantial evidence has been held to be more than a 'mere scintilla,' but sufficient evidence to reasonably support a conclusion." *Former Employees of General Electric Corp.*, 14 CIT at 611 (citations omitted).

In reviewing Labor's determination, this Court will give deference "'to the agency's chosen [investigative] technique, only remanding a case if that technique is so marred that the Secretary's finding is arbitrary or of such a nature that it could not be based on "substantial evidence."'" *Former Employees of CSX Oil & Gas Corp. v. United States,* 13 CIT 645, 651, 720 F.Supp. 1002, 1008 (1989) (quoting *United Glass & Ceramic Workers of North America v. Marshall,* 584 F.2d 398, 404–05 (D.C.Cir.1978) (footnote omitted)).

## DISCUSSION

■ In order for the Secretary of Labor to certify a group of workers to receive trade adjustment assistance benefits as provided for under Section 222 of the Trade Act of 1974, it must be determined:

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1994). Case law clearly establishes that plaintiffs must satisfy all three of these statutory requirements in order to receive trade adjustment assistance benefits. *See, e.g., Former Employees of Bass Enterprises Production Co. v. United States,* 13 CIT 68, 70, 706 F.Supp. 897, 900 (1989) ("[F]ailure to satisfy any one of the three criteria for certification of workers for assistance will result in denial of adjustment assistance.") (citations omitted); *Abbott v. Donovan,* 8 CIT 237, 239, 596 F.Supp. 472, 474 (1984) ("If any of these three statutory conditions does not exist, the Secretary must deny certification.").

The conditions established by 19 U.S.C. § 2272(a)(1) and (a)(2) are not at issue in this matter. Rather, at issue in this matter is whether there is substantial evidence on the record to support the Secretary's determination that plaintiffs are ineligible to receive trade adjustment assistance benefits because they fail to satisfy the two requirements within 19 U.S.C. § 2272(a)(3). In order to satisfy the first requirement of 19 U.S.C. § 2272(a)(3), it must be determined that plaintiffs were employed at a firm which "produce[s]" an article. As noted above, the statutory language has been interpreted to require the firm at which applicants were employed to "create or manufacture a tangible commodity, or transform it into a new and different article." *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264. The second condition of 19 U.S.C. § 2272(a)(3) which must be met in order to be eligible for certification to receive trade adjustment assistance benefits requires that "imports of articles like or directly competitive with articles produced by [plaintiffs'] firm ... contributed importantly to [plaintiffs'] total or partial separation." 19 U.S.C. § 2272(a)(3) (1994). Thus, if it is established that a domestic manufacturer produces or transforms an item within the meaning of the statute, and that an imported article like or directly competitive with the item produced or transformed by the domestic manufacturer contributed importantly to the applicants for certification to receive trade adjustment assistance benefits losing their jobs, the requirements of 19 U.S.C. § 2272(a)(3) would be satisfied.

A. Whether Plaintiffs Were Employed by a Company Which Created or Manufactured a Tangible Commodity or Transformed Uncoated Pipe into a New and Different Article

■ In responding to plaintiffs' Motion for Judgment Upon the Agency Record, defendant first argues the Supplemental Administrative Record contains substantial evidence supporting the Secretary's determination that employees of Shaw Pipe's Highspire, Pennsylvania pipe coating operation were not eligible for certification to receive trade adjustment benefits because the Highspire facility did not "create or manufacture a tangi-

ble commodity, or transform it into a new and different article." *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264. One basis for the determination is the observation in the Department's Notice of Negative Determination of Reconsideration On Remand that "the pipe used for pipeline transmission could be used without the protective coating, but it is not likely." Supp. Admin. R. ("S.A.R.") at 12. Additionally, in arguing Shaw Pipe's application of protective coatings did not transform the pipe, defendant asserts "[j]ust because pipe is coated for protection from the elements does not change its fundamental purpose, character, or use." (Def.'s Resp. to Pls.' Comm. on Remand Results ("Def.'s Br.") at 5.)

The Court remains unpersuaded by defendant's assertions that the record compiled in this matter contains substantial evidence supporting the Secretary's determination that Shaw Pipe's Highspire pipe coating operation did not "create or manufacture a tangible commodity, or transform it into a new and different article." *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264. The Department's determination that coated and uncoated pipes are "not likely" to be used interchangeably in pipeline construction, S.A.R. at 12, suggests to the Court that coated and uncoated pipe have different properties or characteristics which make one type of pipe preferable to the other in certain applications.

As noted in *Pemberton v. Marshall,* 639 F.2d 798, 800 (D.C.Cir.1981), an important consideration in evaluating whether an item is transformed into a new and different article is whether a "new [product] is entered into the stream of commerce." The Court believes the Department's statement that coated and uncoated pipe are "not likely" to be used interchangeably in pipeline construction suggests the two types of pipe are different products and thus suggests plaintiffs did cause a new product to be entered into the stream of commerce. These observations contradict Labor's determination that Shaw Pipe's Highspire operation did not "create or manufacture a tangible commodity, or transform it into a new and different article." *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264.

These considerations would also seem to raise questions about the accuracy of defendant's statement that the "fundamental purpose, character, [and] use" of coated and uncoated pipe are identical. (Def.'s Br. at 5.) While the utilization of both coated and uncoated pipe in pipeline construction suggests the two types of pipe have a similar fundamental purpose, the Department's determination that coated and uncoated pipe are "not likely" to be used interchangeably suggests differences in their character and use which appear to contradict defendant's argument.

Additionally, the Court is not persuaded by defendant's application of the relevant case law interpreting the statutory requirements placed on recipients of trade adjustment assistance benefits. Defendant focuses particular attention on the decisions in *Pemberton,* 639 F.2d at 802 (sustaining determination that shipyard employees who repaired engines, removed barnacles and painted and repaired hulls provided a service, and thus were ineligible to receive trade adjustment assistance benefits), and *Woodrum v. Donovan,* 5 CIT 191, 192, 564 F.Supp. 826, 828 (1983), *aff'd,* 737 F.2d 1575 (Fed.Cir.1984) (sustaining determination that employees responsible for inspecting new cars prior to sale, including "setting the timing, front end alignments, checking the oil, inspecting the rods, tightening the wheels, and other tasks" provided a service and thus were not eligible for certification to receive trade adjustment assistance benefits).

The Court observes the products involved in the *Pemberton* and *Woodrum* decisions (*i.e.,* completely manufactured boats and automobiles) are products which are significantly more complicated than steel pipe. Because steel pipe is a simple product, minor changes could reasonably be found to result in a transformation of the pipe into a new and different article. The suggestion in the Supplemental Administrative Record that coated and uncoated pipe are different products with different characteristics and uses would appear to confirm this observation. In contrast, the *Pemberton* and *Woodrum* decisions emphasize that minor alterations to or repairs made on more complex and intricate products are unlikely to result in the altera-

tion or transformation of the underlying product.

Based on these considerations, the Court finds the Secretary's determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits because Shaw Pipe's Highspire operation did not "create or manufacture a tangible commodity, or transform it into a new and different article," *Nagy,* 6 CIT at 145, 571 F.Supp. at 1264, is not supported by substantial evidence on the record and is not otherwise in accordance with law.

B. Whether an Increase in Like or Competitive Imports Was an Important Factor in Plaintiffs' Termination

■ As noted above, case law clearly establishes that in order to be eligible for certification to receive trade adjustment assistance benefits, applicants must satisfy all the statutory requirements upon which certification is conditioned. *Cf. Former Employees of Bass Enterprises Production Co.,* 13 CIT at 70, 706 F.Supp. at 900 (noting that failure to satisfy the statutory conditions will "result in denial of adjustment assistance"). In order for applicants for certification to receive trade adjustment assistance benefits to satisfy the requirements of 19 U.S.C. § 2272(a)(3), it must be determined not only that the applicants' former firm "create[s] or manufacture[s] a tangible commodity, or transform[s] it into a new and different article", but also that imports of a like or competitive product contributed importantly to the applicants losing their jobs. Thus, even if the Secretary were to find the application of protective coatings at Shaw Pipe's Highspire facility did satisfy the first requirement of 19 U.S.C. § 2272(a)(3), in order for plaintiffs to be eligible for certification to receive trade adjustment assistance benefits, the Secretary additionally must determine that imports of a product that is like or directly competitive with the product manufactured or transformed by plaintiffs' former employer contributed importantly to plaintiffs losing their jobs.

While the Court finds there is not substantial evidence on the record to support the Secretary's determination that Shaw Pipe's

Highspire operation did not "create or manufacture a tangible commodity, or transform it into a new and different article", the Secretary's determination may, nevertheless, be sustained if the Court determines the record contains substantial evidence supporting the Secretary's determination that imports of like or competitive products did not contribute importantly to plaintiffs losing their jobs.

Defendant's second argument asserts plaintiffs are not eligible for certification to receive trade adjustment assistance benefits because "evidence contained in the administrative record and the supplemental administrative record demonstrates that increases in imports of articles like or directly competitive with the pipe produced by plaintiffs did not contribute importantly to their separation." (Def.'s Br. at 4.) Defendant's argument is supported by Labor's determination in the Supplemental Administrative Record that "[r]emand findings also show that the subject firm closed the Highspire, Pennsylvania plant because the contract with the primary customer was not renewed. The customer [steel company] awarded the contract to another domestic company." S.A.R. at 12.

Plaintiffs' only response to the Department's determination that plaintiffs lost their job when the pipe coating contract was awarded to a different domestic company is the assertion that "the [Department's] finding . . . is not within reason of the record in this case." (Pls.' Comm. on Dep't Labor's Supp. Admin. R. ("Pls.' Br.") at 9.) Other than making this assertion, however, plaintiffs' brief makes no effort to challenge or rebut the Department's finding that plaintiffs lost their jobs when Shaw Pipe's pipe coating contract was not renewed and was awarded to a domestic competitor.

While the Court finds the record does not contain substantial evidence supporting the Secretary's determination that Shaw Pipe did not create or manufacture a tangible commodity or transform it into a new and different article, the Court nonetheless finds the Supplemental Administrative Record contains substantial evidence to support the Secretary's determination that an increase in imports of like or competitive products did not contribute importantly to plaintiffs losing

## 594

their jobs with Shaw Pipe. Rather, the Supplemental Administrative Record contains substantial evidence that plaintiffs lost their jobs because Shaw Pipe closed its Highspire, Pennsylvania pipe coating operations when a contract it previously held was awarded to a domestic competitor. See S.A.R. at 12. Because the administrative record contains substantial evidence plaintiffs did not lose their jobs as the result of increases in imports of like or competitive articles "that contributed importantly to [plaintiffs'] total or partial separation," 19 U.S.C. § 2272(a)(3) (1994), this Court determines plaintiffs have failed to satisfy the requirements of 19 U.S.C. § 2272(a) (1994) for eligibility for certification to receive trade adjustment assistance benefits. Accordingly, this Court sustains the Secretary's determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits.

### Conclusion

The Secretary's determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits because they fail to satisfy both the eligibility requirements established by 19 U.S.C. § 2272(a)(3) (1994) is sustained as supported by substantial evidence on the record and otherwise in accordance with law. The Court finds there is not substantial evidence on the record to support the Secretary's determination plaintiffs do not satisfy the first condition of 19 U.S.C. § 2272(a)(3), which requires plaintiffs to have worked at a firm which created or manufactured a tangible commodity or transformed an item into a new and different article. The Court, however, finds there is substantial evidence on the record to support the Secretary's determination that plaintiffs fail to satisfy the second condition of 19 U.S.C. § 2272(a)(3), which requires that imports of a like or competitive product contributed importantly to plaintiffs losing their jobs. Because substantial evidence on the record supports the determination that plaintiffs do not satisfy completely the requirements of 19 U.S.C. § 2272(a)(3), the Court sustains the Secretary's determination.

### Judgment Order