**FORMER EMPLOYEES OF SHAW PIPE, INC., Plaintiffs,**

v.

**UNITED STATES SECRETARY OF LABOR, Defendant.**

Slip Op. 98–59.
Nos. 95–04–00482,

United States Court of
International Trade.

May 6, 1998.

See also 988 F.Supp. 588.

Leibert L. Greenberg, New York City, for Plaintiffs.

Frank W. Hunger, Assistant Attorney General of the United States; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeffrey M. Telep); Scott Glabman, Office of the Solicitor, United States Department of Labor, Of Counsel, for Defendant.

**MEMORANDUM OPINION & ORDER**

CARMAN, Chief Judge.

Before the Court is an application by plaintiffs' counsel for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1994) and U.S. CIT R. 68. The Equal Access to Justice Act ("EAJA"), in relevant part, provides

**§ 2412. Costs and fees**

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (1994). The application presently before the Court requires analysis and a determination as to whether plaintiffs can be considered a "prevailing party" under the statute.

Plaintiffs' counsel asserts he is entitled to an award of attorney's fees and costs because the Court's order remanding this matter to the United States Secretary of Labor ("Secretary"), *see Former Employees of Shaw Pipe, Inc. v. United States Secretary of Labor*, 957 F.Supp. 239 (CIT 1997) ("*Shaw Pipe I*"), conferred prevailing party status upon the plaintiffs and because the government's position in this matter was not substantially justified. (*See* Mem. in Supp. of Application for Att'y Fees and Costs at 1.) Defendant maintains no award of fees or expenses is warranted because the application by plaintiffs' counsel was filed prematurely before the Court entered a final judgment in this matter and because plaintiffs were not a prevailing party at the time the application was filed.

I.

An initial condition the EAJA places on eligibility to receive attorney's fees and costs requires that an applicant be a prevailing party in a civil action involving the United

States. While the term "prevailing party" is not defined by the statute, the United States Supreme Court has observed "[a] typical formulation is that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)).

■ The application by plaintiffs' counsel was received and filed on April 8, 1997, subsequent to the Court's issuing an order remanding this matter to the Secretary[1] and prior to this Court issuing, on December 2, 1997, a final judgment affirming the Secretary's determination that plaintiffs are not eligible for certification to receive trade adjustment assistance benefits.[2] Plaintiffs' counsel argues this Court's decision in *Shaw Pipe I*, which found the Secretary's denial of plaintiffs' application for certification to receive trade adjustment assistance benefits was not supported by substantial evidence on the record and remanded the matter to the Secretary for further consideration, confers prevailing party status on plaintiffs.

The Court is not persuaded by plaintiffs' counsel's argument. Throughout this matter, plaintiffs' objective was to obtain certification from the Secretary to receive trade adjustment assistance benefits. Plaintiffs did not accomplish this objective when the Court remanded the Secretary's determination with instructions to provide additional evidence supporting the conclusion that the work performed by plaintiffs constituted a service rather than the creation or manufacture of a tangible commodity or the transformation of pipe into a new and different article as required by the statute. *See Shaw Pipe I*, 957 F.Supp. at 244 ("[T]he Court finds no other information in the record suggesting or supporting the Department of Labor's conclusion that Shaw Pipe's pipe coating operations ... constituted a service....

On remand, the Department of Labor shall determine whether plaintiffs 'create or manufacture a tangible commodity, or transform it into a new and different article,' and thus whether plaintiffs satisfy the [statutory requirements on eligibility for trade adjustment assistance benefits]....."). In remanding this matter, the Court did not express any views on the merits of plaintiffs' claim. Rather, the Court remanded this matter to provide the Secretary an opportunity to fill what the Court perceived to be a lack of evidence supporting the determination plaintiffs were ineligible to receive trade adjustment assistance benefits.

At the time this Court remanded the Secretary's determination in *Shaw Pipe I*, it was uncertain whether plaintiffs ultimately would be the prevailing party. Based on the uncertainty as to whether plaintiffs' claim would prevail, the Court finds plaintiffs could not be considered a "prevailing party" under the statute at the time plaintiffs' counsel submitted his application for attorney's fees and costs. *See Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 883 (3d Cir. 1984) ("When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined."); *Austin v. Department of Commerce*, 742 F.2d 1417, 1421 (Fed.Cir.1984) (holding party which has claim remanded to agency but loses following remand is not a prevailing party, and thus not entitled to attorney's fees and costs under the EAJA); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 32 (2d Cir.1983) (holding applicant for Social Security benefits whose case was remanded is not a prevailing party for purposes of the EAJA and noting "her success [in having her case remanded] ... did no more than move her one step closer to a final determination of the merits of her claim"); *La Manna v.*

---

1. The Court remanded this matter to the Secretary of Labor in *Former Employees of Shaw Pipe, Inc. v. United States*, 957 F.Supp. 239 (CIT 1997) ("*Shaw Pipe I*") which was issued on January 9, 1997.

2. *See Former Employees of Shaw Pipe, Inc. v. United States*, 988 F.Supp. 588 (CIT 1997) ("*Shaw Pipe II*").

*Secretary of Health and Human Services,* 651 F.Supp. 373, 375 (N.D.N.Y.1987) ("Generally, a court orders a case remanded so that new evidence can be considered, and such a remand only places a plaintiff one step closer toward achieving the relief sought, the award of benefits. At the time of the remand, plaintiff is not yet a prevailing party."). Additionally, because the Court ultimately rejected plaintiffs' claim in *Shaw Pipe II,* plaintiffs fail to satisfy the requirement that they be a "prevailing party" and thus are ineligible for attorney's fees and costs pursuant to the EAJA.

## II.

In addition to highlighting the fact that plaintiffs were not the prevailing party in this matter, defendant argues plaintiffs' counsel is not entitled to attorney's fees and costs under the EAJA because the application was filed prematurely before this Court's final determination was issued in *Shaw Pipe II.* Defendant notes both the statute and U.S. CIT R. 68 provide applications for attorney's fees must be made within 30 days of the issuance of a final judgment. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...."); U.S. CIT R. 68(a) ("Applications [for attorney's fees and expenses] must be filed within 30 days after the date of entry by the court of a final judgment."). The statute defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G) (1994).

Defendant is correct that the application by plaintiffs' counsel was filed prematurely. *See Hudson v. Sullivan,* 779 F.Supp. 37, 39 (W.D.Pa.1991) ("[T]he filing period begins after final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *La Manna,* 651 F.Supp. at 375 ("[A] fees application cannot be filed until there has been a final judgment, regardless of whether a re-

mand, for all intents and purposes, resolves the action."). The fact that plaintiffs were not the prevailing party in the underlying action, however, frees this Court from having to address defendant's arguments concerning the timeliness of the application submitted by plaintiffs' counsel. Even if the application by plaintiffs' counsel had been submitted in a timely fashion, plaintiffs' counsel is not eligible to receive attorney's fees and costs because plaintiffs were not the prevailing party in the underlying action.

■ Finally, the Court notes that while plaintiffs' counsel is not eligible to receive attorney's fees and costs pursuant to the EAJA, it would appear plaintiffs' counsel is eligible to apply to the Court for compensation under the recently approved "Procedures for Reimbursement of Recoverable Expenses and Costs to Attorneys Appointed in Actions Before the United States Court of International Trade". The Court approved these procedures to promote the effective and efficient administration of justice and greatly appreciates the generous efforts of members of the Bar who provide their time and services free of charge to parties otherwise unable to afford representation by counsel. In accordance with the newly approved procedures, the Court will consider applications for reimbursement of certain expenses and costs associated with representing a *pro se* litigant in an action before this Court. Plaintiffs' counsel may obtain further information and details regarding the new procedures from the Clerk of Court of the United States Court of International Trade.

Based on the reasoning above, it is hereby **ORDERED** that plaintiffs' application for attorney's fees and other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, is denied.